# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BOBBY T. SHEPPARD,

                 Petitioner,

       -vs-

MARGARET A. BAGLEY, Warden,
 Chillicothe Correctional Institution,

             Respondent.

                     :

                     :

                     :

Case No. Case No. 1:12-cv-198

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

---

## DECISION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS

---

       This capital habeas corpus case is before the Court for initial review upon filing.  Petitioner previously filed a habeas corpus action in this Court challenging the same conviction which is at issue here (Case No. 1-00-cv-493).  The final judgment of this Court denying relief has been affirmed on appeal by the Sixth Circuit.  *Sheppard v. Bagley*, 657 F.3d 338 (6th Cir. 2011), and Justice Kagan has recently extended Petitioner's time to file a petition for certiorari in the Supreme Court to and including April 13, 2012.  *Prima facie,* then, it would appear that this is a second or successive petition of which this Court would not have jurisdiction in the absence of permission from the Sixth Circuit.  28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147 (2007).

       Petitioner, however, makes an extended argument as to why this is not a second or successive petition (Petition, Doc. No. 2, PageID 31-34). The State has opposed that position (Doc. No. 7) and Petitioner has filed a Reply (Doc. No. 11).  Thus the Court must decide whether to proceed or to transfer the case to the Court of Appeals for a determination of whether the Petition is second or

successive within the meaning of AEDPA.  That question is not listed as dispositive in 28 U.S.C. § 636(b) and the Magistrate Judge is unaware of any case law classifying the question as dispositive so as to require a report and recommendations as opposed to a decision from a Magistrate Judge. The case was referred to the undersigned for all pretrial purposes under the Dayton location of court General Order of Assignment and Reference and that reference was confirmed by separate Order of Judge Frost after the case was referred to him (Doc. No. 10).

28 U.S.C. § 2244, as modified by Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

(b)     (1) A claim presented in a second or successive habeas corpus application under section 2254  that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)     (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

-2-

> appeals for an order authorizing the district court to
> consider the application.

Language in rules is not self-interpreting, and this language from the AEDPA has spawned much interpretive jurisprudence. The Sixth Circuit recently summarized some of that jurisprudence in *Storey v. Vasbinder*, 657 F.3d 372 (6th Cir. 2011):

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (*quoting Slack v. McDaniel*, 529 U.S. 473, 486, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief[.]" Id. at 643. In *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would have been unripe if it had been presented then, was not second or successive. Id. at 945. In *Magwood v. Patterson*, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. *Id.* at 2797-98.

*Id.* at 376-377.

The Petition herein pleads two Grounds for Relief:

> **First Ground for Relief:** Sheppard's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.

> **Second Ground for Relief:** Sheppard's execution will violated the

> Fourteenth Amendment because Ohio's lethal injection protocol will
> deprive him of equal protection of the law.

(Petition, Doc. No. 2, PageID 27, 29.) Both Grounds for Relief relate to Ohio's "lethal injection protocol." (See explanation of that term at Petition, Doc. No. 2, PageID 25, n. 1.) Sheppard asserts he could not have raised these claims until "very recently." *Id.* at 33. He notes that when he initially filed in 1999, "Ohio's current lethal injection protocol, adopted on September 18, 2011, did not exist. . . ." *Id.* Furthermore, he alleges that relevant facts were learned for the first time during a hearing on June 29, 2011, before Judge Frost in the § 1983 Litigation. *Id.*

Responding to the Petition, the Warden asserts that it is a second or successive petition or, in the alternative, should be dismissed as an abuse of the writ (Doc. No. 7). Although Petitioner has replied to the abuse of writ arguments, they are not further considered in this Decision because the Warden has made no motion to dismiss on that basis and because the Court is in doubt, as set forth below, of its jurisdiction to consider the Petition on the merits.

There is no doubt that Petitioner's collateral attack in the present case is on the same conviction and capital sentence he attacked in Case No. 1-00-cv-493 and on which the judgment of this Court is final (pending, of course, any possible action by the Supreme Court on a petition for writ of certiorari). The actual method by which his execution is to be carried out is not part of the judgment of conviction; in that regard he is not different from other Ohio capital defendants. Thus there is no amended judgment or new judgment a challenge to which would be outside the "second or successive" prohibition. *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788 (2010).

As the Warden notes, lethal injection was adopted as an alternative method of execution in Ohio in 1993, before Sheppard's original Petition, and made the exclusive method of execution in 2001 while Sheppard's original Petition was pending in this Court. If the challenge were to lethal

-4-

injection in general, it could have been raised in the initial Petition or by amendment in 2001.  But the challenge is instead to the particular protocol by which the lethal injection is to be administered. Sheppard clearly could not have challenged the present protocol until after it was adopted, in September 2011.  Whether that takes the instant Petition outside the "second or successive" prohibition is unclear to this Court.

In *In re Jones*, 652 F.3d 603 (6th Cir. 2010), the circuit court held that the § 2244(b) limitations did not apply to a numerically second petition challenging on *ex post facto* grounds a parole determination or disciplinary proceeding that occurred after the initial petition was filed attacking the underlying judgment.  The court also refused to allow the petitioner to raise in his new petition a jury selection claim which was available to him at the time of trial.  The court could not consider the application of *Magwood* because it was not decided until several months later.  *Jones* is not clearly dispositive here because it does not discuss whether the petitioner could or should have added his *ex post facto* claims by amendment to the original case.  Most non-capital habeas litigation is concluded, of course, much more rapidly than capital cases, so that question may not arise in non-capital cases.  No law has been cited to this Court as to whether an amendment alternative is relevant on the "second or successive" question, although attempting to reopen the judgment in the prior case to add a new claim would clearly raise second or successive questions under Fed. R. Civ. P. 60(b). *See Gonzalez v. Crosby,* 545 U.S. 524 (2005).

The Supreme Court has made it clear that § 2244(b) creates a jurisdictional bar in the district court.  *Burton v. Stewart*, 549 U.S. 147 (2007).  Where precedent does not make it clear that this Court can proceed and the Judicial Code offers a plainly available method to determine jurisdiction, it would be imprudent for this Court to proceed without that determination.  Delay to obtain a circuit

court ruling does the Petitioner no harm because he is already an intervenor in the Execution Protocol Litigation.  It also does the State no harm because it would achieve no benefit from having this Court rule on the case subject to complete undoing by a later determination that this Court lacked jurisdiction.

Accordingly, pursuant to *In re Sims,* 111 F.3d 45 (6th Cir. 1997), this case is transferred to the Sixth Circuit Court of Appeals for its determination of whether the instant Petition is a second or successive petition and whether, if it is, Petitioner may be permitted to proceed.

April 5, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge