# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BOBBY T. SHEPPARD,

    Petitioner,

Case No. 1:12-cv-198

-vs-

District Judge Gregory L. Frost
Magistrate Judge Michael R. Merz

MARGARET A. BAGLEY, Warden,
 Chillicothe Correctional Institution,

    Respondent.

## REPORT AND RECOMMENDATIONS ON REMANDED ISSUE

    This capital habeas corpus case is before the Court on remand[1] from the Sixth Circuit Court of Appeals (Doc. No. 13) which ordered this Court "to determine whether Sheppard's petition constitutes a second or successive petition under § 2244(b)." *Id.* PageID 88. At this Court's invitation, the parties have filed supplemental memoranda on that question (Doc. Nos. 15, 17).

    While a decision on the remanded question on a motion listed as dispositive in 28 U.S.C. § 636(b), it is sufficiently analogous to matters classified as dispositive by Sixth Circuit case law that the Magistrate Judge has decided to file a report and recommendations rather than a decision. This will avoid any claim on any later appeal that the Magistrate Judge lacked jurisdiction.

---

[1] This Court had transferred the case to the Sixth Circuit for a determination of the second or successive question because of doubts, in light of *Burton v. Stewart,* 549 U.S. 147 (2007), of its jurisdiction (Doc. No. 12). The Sixth Circuit decided the jurisdictional issue, albeit *sub silentio*, when it remanded the case with instructions for this Court to decide the question. *In re: Bobby T. Sheppard*, No. 12-3399 (6th Cir. May 25, 2012)(unreported; copy at Doc. No. 13.)

The Petition at issue is Sheppard's second-in-time or numerically second petition. Sheppard's first petition related to his convictions and sentence of death was filed in this Court on June 20, 2000 (Case No. 1:00-cv-493, Doc. No. 4). The Court entered judgment dismissing the Petition with prejudice on March 4, 2009. *Id.* at Doc. Nos. 131, 132. The judgment was then affirmed on appeal. *Sheppard v. Bagley*, 657 F.3d 338 (6th Cir. 2011). The Supreme Court denied certiorari on June 11, 2012. *Sheppard v. Robinson*, Case No. 11-9887 (copy of notice at Doc. No. 149). Sheppard filed post-judgments motions in that case on April 17 and June 15, 2012, which remain pending.

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows

> (b)
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

### The Parties' Positions

Respondent asserts that the Petition in this case is a second or successive petition because it challenges the same judgment which was attacked in the Petition in 1:00-cv-493, relying on *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788 (2010)(Warden's Additional Memorandum in Opposition, Doc. No. 15, PageID 95-96).

In response, rather than repeat arguments previously made, Petitioner incorporates by reference the arguments made (1) in his Petition, Doc. No. 2, at PageID 31-34; (2) in his Memorandum in Reply to Respondent's Memorandum in Opposition to the Petition (Doc. No. 11); and (3) in his Motion for a Finding that his Petition is not a Second-or-Successive Petition, filed in the Sixth Circuit, *In re Bobby T. Sheppard,* Case No. 12-3399 (copy attached to Doc. No. 17).

In his first argument, in the body of the Petition, Sheppard asserts it is not a second or successive petition because it raises claims "whose predicates arose after the filing of the original petition" (Petition, Doc. No. 2, quoting *In re Jones*, 652 F.3d 603 at 605 (6th Cir. 2010).  In *Jones* the Sixth Circuit dismissed as unnecessary a motion to file a successive petition raising an *Ex Post Facto* claim as to Michigan's amendments to its parole rules, the last of which took effect two years after Jones' initial petition was filed.[2]  As to the application of 28 U.S.C. § 2244(b), the court wrote:

> But not every numerically second habeas petition is subject to these gatekeeping procedures. Instead, in a series of post-AEDPA cases, the Supreme Court has confirmed that a numerically second petition is not properly termed "second or successive" to the extent it asserts claims whose predicates arose after the filing of the original

---

[2] The court does not say when Jones' initial petition was decided, but only that it was filed in 1997.  However, it seems likely it had already been decided when the last of the parole changes took effect.

> petition. The statutory phrase "second or successive petition," the Court has emphasized, is a "term of art given substance" in the Court's prior habeas cases. *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). So in *Stewart v. Martinez-Villareal,* 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849, the Court held that a capital prisoner's claim that he was incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986), was not barred even though a prior petition raising the same claim had been dismissed because the claim was unripe. See 523 U.S. at 644-45. And in *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007), the Court removed any implication that *Martinez-Villareal* applied only to a claim raised in a prisoner's initial petition. There, the prisoner's numerically second petition asserted a *Ford* claim that had been omitted from his initial petition. The Court held that the claim was not successive, rejecting "[a]n empty formality requiring prisoners to file unripe *Ford* claims" in an initial habeas petition in order to be able to pursue them in a subsequent petition. *Id*. at 946. In doing so, the Court relied on pragmatic concerns, observing that "[i]nstructing prisoners to file premature claims, particularly when many of these claims will not be colorable even at a later date, does not conserve judicial resources" or vindicate any other policy of federal habeas law. Id. The same principles govern Jones's ex post facto claim. . . .

652 F.3d at 605. *Jones* was decided about three months before *Magwood* and obviously does not cite it.

The Petition also relies on *In re Brock*, No. 09-2346, 2010 U.S. App. LEXIS 27235 (6th Cir. June 8, 2010), also decided before *Magwood*. There petitioner claimed in a second petition that the Michigan Department of Corrections had used a forged document to add ten years to his maximum release date; the Sixth Circuit allowed this claim to proceed "because it is not clear that he could have raised the claim in his previous habeas petition." *Id.* at *3.

Finally, the Petition relies on *Williams v. Hobbs,* 658 F.3d 842 (8th Cir. 2011), which stands for the proposition that a habeas petition is not barred as second or successive where the claim

- 4 -

arises after a first petition is fully adjudicated; *Magwood* is not discussed.

In his second set of arguments on the issue, made in his Reply to the Warden's Opposition (Doc. No. 11), Sheppard relies on *Panetti, supra; Martinez-Villareal, supra; In re Brock, supra;* and *In re Jones, supra,* but also cites *In re Salem*, 631 F.3d 809 (6th Cir. 2011); *Roberts v. Gansheimer*, No. 10-2619, 2011 U.S. Dist. LEXIS 154459 (N.D. Ohio Dec. 21, 2011)(Report and Recommendation of Vecchiarelli, M.J., adopted by Oliver, D.J., at 2012 U.S. Dist. LEXIS 43348 (N.D. Ohio Mar. 29, 2012)); *In re Bowen*, 436 F.3d 699 (6th Cir. 2006); and *In re Marsch*, 209 Fed. App'x. 481 (6th Cir. 2006). In *Salem*, the Sixth Circuit applied *Martinez-Villareal* to allow a second petition to raise a claim raised in the first petition but not adjudicated because it was not then ripe. In *Roberts* the court allowed a claim to proceed in a numerically second petition because it was not presented in the prior petition and would have been unripe at that time if it had been presented. *Id*. at 26. In *Marsch*, the Sixth Circuit held barred a claim which could have been discovered when the original petition was filed. In *Bowen*, the Sixth Circuit denied as unnecessary a request for second-or-successive permission when the claim raised in the second petition could not have been raised in the first because it was unexhausted. It also concluded the second petition was not an abuse of the writ, holding

> Although § 2244(b) specifies the treatment of second or successive petitions, courts defining "second or successive" generally apply abuse of the writ decisions, including those decisions that predated AEDPA. *Martinez-Villereal,* 529 U.S. at 643-45 (considering "abuse of the writ" cases in determining whether petitioner's *Ford* claim is second or successive); see also *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *Esposito v. United States*, 135 F.3d 111, 113 (2d Cir. 1997) (per curiam); *Pratt v. United States,* 129 F.3d 54, 60 (1st Cir. 1997), cert. denied, 523 U.S. 1123, 140 L. Ed. 2d 945, 118 S. Ct. 1807 (1998); *Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997) (per curiam). In *Sanders v. United States,* 373 U.S. 1, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1948), the Supreme Court

> explained abuse of the writ: If a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground. … Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay. Id. at 18.  Under the abuse of the writ doctrine, a numerically second petition is "second" when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect. *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*In re Bowen*, 436 F.3d at 704.

Sheppard asserts his lethal injection claims made in the Petition here became ripe when Ohio adopted a materially changed execution policy on September 18, 2011 (Reply, Doc. No. 11, PageID 68). His claims are based on that policy "and on evidence which was obtained in the past year during the course of discovery and evidentiary hearings in *In re Ohio Execution Protocol Litigation*, S.D. Ohio, No. 2:11-cv-1016" including evidence "divulged for the first time during the hearing held on June 29, 2011, . . . as well as additional evidence first disclosed by the State during a hearing on January 3, 2012."  *Id*. at PageID 68-69.

In his third set of arguments on the issue, made in his Motion to the Sixth Circuit (copy attached to Doc. No. 17), Sheppard repeated the arguments made to this Court, relying on all the same case authority.   He asked the Circuit Court to decide, as it had in *Jones* and *Marsch*, that the Petition was not second-or-successive under § 2244(b) and thus permission to proceed was unnecessary.   The Sixth Circuit declined to do so and remanded the case to this Court to decide the issue.

**Analysis**

In *Magwood v. Patterson, supra*, the Supreme Court decided that the limitation on second or successive applications in 28 U.S.C. § 2244(b) did not apply to applications attacking new state court judgments in cases which had already been adjudicated once in habeas corpus.  Magwood had obtained a conditional writ vacating his death sentence, but not the underlying conviction. After a second sentencing proceeding, held in compliance with the conditional writ, he was again sentenced to death.  The Court agreed that his first application challenging the new judgment which embodied the second capital sentence was not a second or successive application.

Respondent reads *Magwood* to mean that if the new application attacks the same judgment as the first application, it must be a second or successive application.  The Court specifically disclaimed reaching that question:

> This case does not require us to determine whether § 2244(b) applies to every application filed by a prisoner in custody pursuant to a state-court judgment if the prisoner challenged the same state-court judgment once before. Three times we have held otherwise. See *Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000);*Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998); *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007). The dissent's claim that our reading of § 2244(b) calls one of those decisions, *Panetti*, into doubt, see ___, post, at ___ - 177 L. Ed. 2d, at 613, is unfounded. The question in this case is whether a first application challenging a new sentence in an intervening judgment is second or successive. It is not whether an application challenging the same state-court judgment must always be second or successive.

130 S. Ct. at 2811, n. 11.  In other words, the Court continued to recognize the vitality of its prior cases holding that sometimes a new attack on an old judgment will not be a second or successive application requiring Circuit pre-approval.

As presently pled, Sheppard's new claims arise from Ohio's adoption of a new execution protocol on September 18, 2011, after the Court of Appeals affirmed the dismissal of his prior petition.  That set of facts fits squarely within the Sixth Circuit precedent cited above applying *Panetti* and *Martinez-Villareal* to varieties of later-arising or later-ripening claims other than competency to be executed.  The Court should conclude that the instant Petition is not a second or successive petition within the meaning of § 2244(b) and proceed with its adjudication.

This analysis is not meant to imply any conclusion on other issues involved with the case, including, for example, whether the Petition states a claim upon which habeas corpus relief can be granted and the relationship of this case to *In re Ohio Execution Protocol Litigation*, No. 2:11-cv-1016, in which Sheppard is an intervening plaintiff.

July 3, 2012.

                                                  s/ *Michael R. Merz*
                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections within fourteen days after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).