IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BOBBY T. SHEPPARD,

      Petitioner,        Case No. 1:12-cv-198

           District Judge Gregory L. Frost
    -vs-        Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
 Chillicothe Correctional Institution,

      Respondent.

# REPORT AND RECOMMENDATIONS ON WARDEN'S MOTION TO DISMISS

This capital habeas corpus case is before the Court on Respondent Warden's Motion to Dismiss for failure to state a claim cognizable in habeas corpus and for abuse of the writ (Doc. No. 16). Petitioner has filed a Memorandum in Opposition (Doc. No. 18), but the Warden has not filed a reply in support. Oral argument on the parallel motion in *Gapen v. Bobby*, Case No. 3:08-cv-280, was held on August 9, 2012. Counsel for Petitioner Gapen are also counsel for Petitioner Sheppard and were able to argue as to this case as well.

Although no relevant rule is cited by the Warden, the Motion is presumably made under Fed. R. Civ. P. 12(b)(6). Such motions are classified as dispositive under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, requiring a recommendation from a Magistrate Judge to whom the case has been referred.

Sheppard pleads the following Grounds for Relief:

> **FIRST GROUND FOR RELIEF:** SHEPPARD'S EXECUTION WILL VIOLATE THE EIGHTH AMENDMENT BECAUSE OHIO'S LETHAL INJECTION PROTOCOL WILL RESULT IN CRUEL AND UNUSUAL PUNISHMENT.
>
> **SECOND GROUND FOR RELIEF:** SHEPPARD'S EXECUTION WILL VIOLATE THE FOURTEENTH AMENDMENT BECAUSE OHIO'S LETHAL INJECTION PROTOCOL WILL DEPRIVE HIM OF EQUAL PROTECTION OF THE LAW.

(Petition, Doc. No. 2.)

The Warden first argues that Sheppard's two claims are not cognizable in habeas corpus because they would not invalidate his death sentence. For the reasons given in *Gapen v. Bobby*, Case No. 3:08-cv-280, Report and Recommendations of August 27, 2012 (Doc. No. 165), the Magistrate Judge concludes this argument is precluded by the Sixth Circuit's decision in *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011). The first argument for dismissal should therefore be rejected.

The Warden next contends that the filing of this second petition which addresses a conviction and sentence already final on appeal constitutes an abuse of the writ and should be dismissed on that basis (Motion, Doc. No. 16, PageID 111-112).

The Magistrate Judge has already concluded that this is not a second or successive petition within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(Report and Recommendations on Remanded Issue, Doc. No. 19). The Warden has filed Objections (Doc. No. 21) to which Petitioner has responded (Doc. No. 26). Judge Frost has recommitted the Report and Recommendations (Doc. No. 22) and that issue will be dealt with in a supplemental report and recommendations on the remanded issue and not further discussed in this Report.

As authority for dismissing the case as an abuse of the writ, the Warden relies on *McCleskey v. Zant*, 499 U.S. 467 (1991), a decision handed down before the AEDPA was adopted in 1996. Assuming abuse of the writ remains available as a defense in a case which satisfies the second or successive test in AEDPA, the Warden argues Petitioner cannot show excusing cause and prejudice for not including these two claims in his prior case. The Warden then cites a number of prior Ohio cases in which capital habeas corpus petitioners made constitutional attacks on lethal injection as a method of execution (Doc. No. 16, PageID 112).

The Warden also cites *Hill v. McDonough*, 547 U.S. 573 (2006). In that case the Supreme Court approved use of § 1983 litigation to challenge a lethal injection procedure, essentially following *Nelson v. Campbell,* 541 U.S. 637 (2004). Without expressly discussing whether the abuse of the writ doctrine survives adoption of AEDPA, the Court cited its prior holding *in Gomez v. United States District Court for the Northern District of California,* 503 U.S. 653 (1992), in which it vacated a stay of execution granted by the en banc Ninth Circuit to Robert Alton Harris because he had filed four unsuccessful habeas applications and had waited until the eleventh hour to file this challenge. The Court emphasized the equitable nature of a stay of execution and that it could be denied where a petitioner used abusive litigation tactics.

The abuse of the writ doctrine had been part of the habeas statute until AEDPA was adopted and also part of the Rules Governing § 2254 Cases until they were revised in light of AEDPA. Whether the doctrine survives adoption of AEDPA is a question on which neither party cites authority.

Assuming the abuse of the writ doctrine survives AEDPA, this filing is not an abuse of the writ. Sheppard's Second Ground for Relief mirrors Ground Twenty-Five in *Gapen v. Bobby,*

*supra.* At oral argument, Petitioner's counsel explained that claim as follows: "So the crux of the argument is that the State does not follow its own law in applying and administering an execution to [sic] an inmate; and therefore, the inmates are receiving disparate treatment under the law." (Transcript of oral argument, filed in *Gapen* at Doc. No. 164, PageID 4530). The law in question is Ohio Revised Code § 2949.22(A) and the extant lethal injection protocol. *Id*. at 4531. The fundamental right being burdened, allegedly in violation of the Fourteenth Amendment, is the Eighth Amendment right to be free from cruel and unusual punishment. *Id*. at 4531-4532. The claim is not that there is a substantial risk of severe pain, but that there is some risk of severe pain. *Id.* at 4532-4533. There is also a risk "of denial of the procedural safeguards that the Supreme Court has found are absolutely critical for Eighth Amendment purposes, that the denial of those procedural safeguards in the form of the written policy is a burden on the fundamental rights." *Id*. at 4533.

> Another fundamental right that I believe we cited was the First Amendment right to freedom of speech that we believe is being burdened by their unequal application of the law regarding the last words. It's essentially just discretionary on whether the warden is going to allow the inmate to speak.

*Id*. at 4534.

> Third one can be that, you know, rights under the Ninth Amendment, Your Honor. The line for that actually goes back to the Slaughter-House Cases [1] where the Court talked about, well, yeah, it's the Ninth Amendment and also the privileges and immunities clause. I'm getting things mixed up here. The privileges and immunities clause was actually, I mean, we all know that the Slaughter-House case has essentially vitiated any functional import for the privileges and immunities clause but . . . interestingly one of the parts of the privileges and immunities clause that still

---
[1] 83 U.S. 36, 21 L. Ed. 394 (1873).

> explicitly remains viable in the Slaughter-House case itself was this fundamental right to individual, I'm blanking out with what the terms of art are, but forgive me, Your Honor, I'm mixing up privileges and immunities and the 14th Amendment and fundamental rights under the Ninth Amendment. The privileges and immunities goes to access to the courts. That's the fundamental right. . . . The Ninth Amendment arguments relate to just fundamental rights to bodily integrity and to things of that nature."

*Id*. at 4535.

Later in the argument, Petitioner's counsel "circle[d] back" to the burdened fundamental rights question. *Id*. at 4549.

> So the specific due process rights, you know, the one that initially springs to mind is the due process that should be guaranteed by the statutory language in Ohio guaranteeing a quick and painless execution and the right to be able to expect a quick and painless execution.
>
> You know, so those have not been fully, completely fleshed out, but again, we're here on a motion to dismiss and so it's not, you know, that may be an issue for summary judgment or on down the line, but that's not necessarily the matter at hand as we would see it.

*Id*. at 4550.

To establish that all these claims arose after completion of the state court proceedings in this case, Petitioner's counsel asserted that they were based on newly-discovered evidence obtained in the Ohio Lethal Injection Protocol Case in June, 2011, through January, 2012. *Id*. at 4546.

As noted in *Gapen,* several judges of this Court have relied on those dates to find the amendments raising lethal injection claims are not barred by the statute of limitations. The same facts preclude the abuse of the writ doctrine and are also relied on in this judge's recommendation that the Petition not be dismissed as second or successive (Doc. No. 19).

As this judge wrote in *Gapen,* I have "still not been led to an understanding of how a

blanket equal protection attack on lethal injection executions can arise anew from state adoption of a new protocol for such executions." But if there is such a claim – and the Warden does not challenge here the substance of Petitioner's pleading – it arose after the prior Petition was fully adjudicated and thus is not barred by the abuse of writ doctrine.

Therefore the Warden's Motion to Dismiss should be denied.

August 28, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).