# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

      Petitioner,

Case No. 1:12-cv-198

  -vs-

District Judge Gregory L. Frost
Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
 Chillicothe Correctional Institution,

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON REMANDED QUESTION

      This capital habeas corpus case is before the Court on remand from the Sixth Circuit for this Court to determine in the first instance whether the Petition herein is a second or successive petition such that Sheppard needs permission from the Sixth Circuit to proceed. In a Report and Recommendations filed July 3, 2012, I recommended the Court conclude the Petition was not a second or successive petition and this Court therefore had jurisdiction to proceed without prior permission of the Circuit Court (Doc. No. 19). The Warden has filed Objections (Doc. No. 21), Petitioner has responded (Doc. No. 26), and Judge Frost has recommitted the remanded question for additional analysis after consideration of the Objections (Doc. No. 25).

      Upon reconsideration, I am not persuaded that the original Report is in error.

      First, the Warden argues that because this Petition challenges the same judgment as Sheppard's prior Petition in 1:00-cv-493, it must be a second or successive petition because of the

Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).  What *Magwood* held was that a second-in-time petition attacking the same conviction as a prior petition was not second or successive because it attacked a new judgment in the case.  That does not logically imply that a second-in-time petition which attacks the same judgment is a second or successive petition.  The Supreme Court explicitly said it was not deciding that question, as the Warden admits.  (Objections, Doc. No. 21, at PageID 246, *citing Magwood*, 130 S. Ct. 2799, and noting the Supreme Court's citation at that point of *Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998); and *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007)).  While the Supreme Court may eventually decide that question in the way the Warden suggests, it has not done so as yet.

Secondly, the Warden objects to the Magistrate Judge's acceptance of Sheppard's ripeness argument, to wit, that the claims made in the Petition could not have been presented prior to adoption by the State of Ohio of its current lethal injection protocol on September 18, 2011.  For the reasons set forth in the Report and Recommendations on the Warden's Motion to Dismiss (Doc. No. 28), the Court should find that Sheppard's claims made in the Petition here arose after judgment was final in the prior case and therefore this is not a second or successive petition.

August 28, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this

Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).