IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BOBBY T. SHEPPARD,

    Petitioner,

Case No. 1:12-cv-198

  -vs-

District Judge Gregory L. Frost
Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
 Chillicothe Correctional Institution,

    Respondent.

## DECISION AND ORDER DEEMING WARDEN'S MOTION TO DISMISS MOOT; SCHEDULING ORDER

This capital habeas corpus case is before the Court on Respondent Warden's Motion to Dismiss for failure to state a claim cognizable in habeas corpus and for abuse of the writ (Doc. No. 16). The Magistrate Judge filed a Report and Recommendations recommending denial of the Motion (Doc. No. 28). The Warden has filed Objections (Doc. No. 31) at the end of which he states: "[T]he Warden does not ask that the Court at this time grant the Warden's motion to dismiss. Rather, the Warden asks that the matter be recommitted for further consideration, or that the Court direct that the issue be addressed in the Warden's return of writ and Sheppard's traverse."  *Id.*. PageID 308.  Petitioner responds that the Motion to Dismiss is "ripe for final adjudication by the Court."   (Response, Doc. No. 33, PageID 341.)

While the Warden has not abandoned his arguments about the Petition (except perhaps cognizability), he no longer seeks at this stage of the case the relief initially sought in the instant

Motion: dismissal of the Petition. The Court finds that the Warden's Request for Relief in his Objections essentially renders the Motion to Dismiss moot and it is deemed withdrawn without prejudice to any defenses the Warden may raise in his answer.

The Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than thirty days after Judge Frost rules on the Report and Recommendations and Supplemental Report and Recommendations on the Remanded Question (Doc. Nos. 19 & 29), file an answer conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

The Court understands that there is no state court record on the claims raised in the Petition so that there is no occasion for the State to file such a record.

Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, c/o Assistant Attorney General Charles L. Wille, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215.

October 2, 2012.

s/ *Michael R. Merz*<br>
United States Magistrate Judge