IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOBBY T. SHEPPARD,**

      **Petitioner,**

v.                                          Case No.  1:12-CV-198
                                                             JUDGE GREGORY L. FROST
**WARDEN, Chillicothe Correctional,**        Magistrate Judge Michael R. Merz
      **Institution.**

      **Respondent.**

## OPINION AND ORDER

This is a death penalty habeas corpus case, before the Court on a second-in-time Petition. On March 4, 2009, this Court issued final judgment denying a habeas corpus action that Petitioner filed challenging the validity of his state-court convictions and death sentence (Case No. 1:00-cv-493).  Petitioner is presently pursuing efforts to reopen that original case (1) to raise allegedly new claims and (2) to revisit a previous ruling on one ineffectiveness of trial counsel claim.  This matter is before the Court to answer the remand question of whether the instant second-in-time Petition constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244(b).  Answering that inquiry in the positive would leave this Court without jurisdiction over the instant petition absent authorization by the Court of Appeals for the Sixth Circuit.

There are a number of filings in this infant case that are ripe for decision:

►     Order of the United States Court of Appeals for the Sixth Circuit remanding the Petition to this Court with instructions to determine whether the Petition constitutes a second or successive petitioner under 28 U.S.C. § 2244(b) (ECF No. 13);

1

> ► The Warden's Alternate Motion to Dismiss the Petition (ECF No. 16);
>
> ► The Report and Recommendations on the remanded issue recommending that this Court should conclude that that the instant Petition is not a second or successive petition within the meaning of § 2244(b) (ECF No. 19);
>
> ► The Report and Recommendations on the Warden's Motion to Dismiss recommending that this Court deny the Motion (ECF No. 28); and
>
> ► The Supplemental Report and Recommendations on the remanded question recommending that this Court find that Sheppard's claims arose after judgment was final on his prior habeas corpus petition and that this petition accordingly is not a second or successive petition within the meaning of § 2244(b) (ECF No. 29).

Also before the Court are the Petition for a Writ of Habeas Corpus (ECF No. 2); the Warden's Memorandum in Opposition to Sheppard's Petition (ECF No. 7); Petitioner's Reply on the issue of whether the Petition is second or successive (ECF No. 11); the Magistrate Judge's Decision and Order transferring the Petition to the Court of Appeals (ECF No. 12); the Warden's Additional Memorandum in Opposition to the Petition (ECF No. 15); Petitioner's Supplemental Memorandum on the issue of whether the Petition is second or successive (ECF No. 17); Petitioner's Response in Opposition to the Warden's Alternate Motion to Dismiss the Petition (ECF No. 18); Petitioner's Notice of Supplemental Authority (ECF No. 20); the Warden's Objections to the Magistrate Judge's Report and Recommendations of July 3, 2012 (ECF No. 21); Petitioner's Response to the Warden's Objections to the Magistrate Judge's Report and Recommendations of July 3, 2012 (ECF No. 26); the Warden's Objection to the Magistrate Judge's Supplemental Report and Recommendations of August 28, 2012 (ECF No. 30); the Warden's Objection to the Magistrate Judge's Report and Recommendations of August 28, 2012 on the Warden's Motion to Dismiss (ECF No. 31); Petitioner's Response to the Warden's Objections to the Supplemental Report and Recommendations (ECF No. 32); Petitioner's

2

Response to the Warden's Objections to the Report and Recommendations on the Warden's Alternate Motion to Dismiss (ECF no. 33); and the Decision and Order deeming the Warden's Motion to Dismiss moot and Scheduling Order (ECF No. 34).

In view of the foregoing, review of the painstaking history of this infant case is warranted. As noted above, this Court issued a March 4, 2009 final judgment denying a habeas corpus action that Petitioner had filed in 2000 challenging the validity of his 1995 state-court convictions and death sentence (Case No. 1:00-cv-493). Petitioner is presently pursuing efforts to reopen that case to raise allegedly new claims and to revisit a previous ruling on one ineffective assistance of trial counsel claim.

In the meantime, Petitioner filed the instant second-in-time Petition on March 9, 2012, pursuant to 28 U.S.C. §§ 2241 and 2254. (ECF No. 2.) He raises in this Petition the following two claims:

> **First Ground for Relief:** Sheppard's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **Second Ground for Relief:** Sheppard's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of Equal Protection of the Law.

Petitioner proceeds to advance arguments explaining why this Petition is not a second or successive petition within the meaning of 28 U.S.C. § 2244(b). A second or successive petition requires authorization by the Court of Appeals as a jurisdictional prerequisite. Petitioner asserts that this is not a case, under traditional abuse-of-the-writ principles, in which he deliberately withheld claims. Rather, he argues, the predicates underlying these claims arose after the filing of his original habeas corpus petition. Finally, Petitioner sets forth arguments explaining why

3

the instant claims are cognizable in habeas corpus.

On March 9, 2012, the Warden (hereinafter "Respondent") filed a Memorandum in Opposition to the Petition. (ECF No. 7.) Respondent begins by noting that in November 2011, Petitioner and eighty-six other Ohio death row inmates filed a lawsuit pursuant to 18 U.S.C. § 1983 challenging the constitutionality of numerous facets of Ohio's execution protocol, procedures, and practices. That lawsuit is pending before this Court. Respondent proceeds to argue that the Petition was at best second or successive and at a minimum a blatant abuse of the writ. Respondent assumes for the purposes of this argument that Petitioner's method-of-execution claims are cognizable in habeas corpus and then asserts that because Petitioner unquestionably seeks to overturn the same sentencing judgment that was the subject of his prior habeas corpus petition, the instant Petition is a second or successive petition within the meaning of § 2244(b) that requires authorization from the Sixth Circuit. Respondent relies on *Magwood v. Patterson*, 130 S.Ct. 2788 (2010), in support of his position that any subsequent habeas corpus petition that challenges the same state-court judgment that was the subject of a prior habeas corpus petition constitutes a second or successive petition that under § 2244(b) requires authorization by the Court of Appeals for the Sixth Circuit. To the extent Petitioner seeks an exception to § 2244(b)'s reach for method-of-execution claims, Respondent argues that Petitioner's request is without legal support and is equitably unjust in view of the § 1983 action Petitioner is pursuing. To that latter point, Respondent asserts that "Sheppard offers no explanation whatsoever as to how or in what manner the claims he seeks to present in habeas corpus differ from those that he simultaneously presents in a civil suit." (ECF No. 7, at PAGEID #: 54-55.)

Even assuming the instant Petition is not a second or successive petition, Respondent continues, the Court should dismiss the Petition because Petitioner had ample time to present the instant method-of-execution claims that he seeks to present now. According to Respondent, Petitioner could have raised these claims (1) in 1993, when lethal injection was introduced as a method of execution in Ohio; (2) in 2001, when lethal injection became the exclusive method of execution in Ohio; or (3) in 2011—through either a request for remand in his prior habeas corpus proceedings or the filing of a second-in-time petition—when Petitioner and eighty-six Ohio inmates filed their § 1983 lawsuit challenging the constitutionality of the manner in which Ohio conducts executions. Respondent relies on *Jones v. Bradshaw*, U.S. Court of Appeals for the Sixth Circuit, Case No. 07-3766, Document 00614385700, December 4, 2008, Motion to Remand to the District Court, as authority for the position that Petitioner could have asked the Sixth Circuit to remand his appeal to the District Court in September 2011 (when Ohio adopted the current iteration of its execution protocol and when Petitioner and others filed their § 1983 lawsuit) for the purpose of allowing him try to add his method-of-execution claims to his prior petition. The predicate underlying Respondent's argument is that Petitioner's claims are not reliant on newly discovered evidence.

Petitioner filed a reply on April 4, 2012. (ECF No. 11.)

On April 5, 2012, the Magistrate Judge issued a Decision and Order transferring the petition to the Court of Appeals for the Sixth Circuit for authorization pursuant to 28 U.S.C. § 2244(b), and *Storey v. Vasbinder*, 657 F.3d 372, 376-77 (6th Cir. 2011). (ECF No. 12.) The Magistrate Judge explains that the instant petition attacks the same state court judgment that the prior petition attacked. On the other hand, the Magistrate Judge also concludes that Petitioner

5

could not have raised the claims set forth in the instant petitioner until the present execution protocol was adopted on September 18, 2011. Where, as here, it is unclear whether the District Court has jurisdiction over a subsequent petition, the Magistrate Judge explains, the District Court must not exercise jurisdiction. Noting that any resulting delay would not prejudice anyone, the Magistrate Judge transferred the petition to the Sixth Circuit.

The Sixth Circuit on May 25, 2012 remanded the matter back to this Court with instructions to determine whether the petition constitutes a second or successive petition under 28 U.S.C. § 2244(b).

Shortly thereafter, on June 11, 2012, Respondent filed an Additional Memorandum in Opposition to Sheppard's Petition for a Writ of Habeas Corpus. (ECF No. 15.) On the same day—June 11, 2012—Respondent filed an Alternate Motion to Dismiss Sheppard's new petition raising two arguments in support of dismissal. (ECF No. 16.)

On June 15, 2012, Petitioner filed a reply responding to Respondent's Supplemental Memorandum in Opposition (ECF No. 15). (ECF No. 17.) On July 2, 2012, Petitioner filed a Memorandum in Opposition to Respondent's Alternate Motion to Dismiss. (ECF No. 18.)

On July 3, 2012, the Magistrate Judge issued a Report and Recommendations on the Remanded Issue. (ECF No. 19.) The Magistrate Judge begins by concluding that the instant Petition is second in time and by setting forth the parties' arguments as to whether the Petition constitutes a second or successive petition and/or constitutes an abuse of the writ. The Magistrate Judge proceeds to conclude that *Magwood v. Patterson* expressly disclaimed reaching the position for which Respondent argues it stands—namely, that if a new application challenges the same judgment as a first application, then the new application is a second or successive

6

petition within the meaning of § 2244(b). Rather, according to the Magistrate Judge, the Court in *Magwood* merely reiterated its position that there are instances in which a new attack on an old judgment does not constitute a second or successive petition. Noting that the claims, as pled, challenge Ohio's September 18, 2011 execution policy, the Magistrate Judge concludes that the instant Petition falls within Sixth Circuit precedent applying the Supreme Court decisions of *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007), and *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998), concerning later-ripening claims. "The Court should conclude," the Magistrate Judge states, "that the instant Petition is not a second or successive petition within the meaning of § 2244(b) and proceed with its adjudication." (ECF No. 19, at PAGEID #: 237.) The Magistrate Judge reaches no conclusion on any other matters raised by the parties, such as whether the Petition states a claim upon which habeas corpus relief may be granted and what relationship, if any, the instant Petition has with the § 1983 litigation in Case No. 2:11-cv-1016 pending before this Court.

Respondent filed objections to the July 3, 2012 Report and Recommendations on July 12, 2012. (ECF No. 21.) Petitioner filed a response to Respondent's Objections on July 26, 2012. (ECF No. 26.)

On August 28, 2012, the Magistrate Judge issued a Report and Recommendations recommending that this Court deny Respondent's Motion to Dismiss. (ECF No. 28.) The Magistrate Judge notes that he had entertained oral arguments on a parallel motion in another case on August 9, 2012. The Magistrate Judge then noted that the Court has already ruled on the basis of *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), that method-of-execution claims such as Petitioner's are cognizable in habeas corpus. The Court has also determined, the Magistrate

7

Judge continues, that the instant petition is not a second or successive petition.  Regarding Respondent's argument that the instant petition should be dismissed as an abuse of the writ, the Magistrate Judge notes that neither party had submitted authority addressing whether or to what extent the doctrine of abuse of the writ survives following the Antiterrorism and Effective Death Penalty Act ("AEDPA").  "Assuming the abuse of the writ doctrine survives AEDPA," the Magistrate Judge concludes, "this filing is not an abuse of the writ." (ECF No. 28, at PAGEID #: 281.)  The Magistrate Judge essentially relies on the conclusion reached by other judges who have considered this question that because Eighth Amendment claims such as Petitioner's could not have been raised earlier, the claim is not time-barred and does not render the petition a second or successive petition.  "The same facts preclude the abuse of the writ doctrine and are also relied on in this judge's recommendation that the Petition not be dismissed as second or successive." (ECF No. 28, at PAGEID #: 283.)  The Magistrate Judge also concludes that, to the extent there is an Equal Protection claim to be made, it also "arose after the prior Petition was fully adjudicated and thus is not barred by the abuse of the writ doctrine." (*Id*. at  PAGEID #: 284.)

On the same day, August 28, 2012, the Magistrate Judge also issued a Supplemental Report and Recommendations on the Remand Question.  (ECF No. 29.)  Noting that he had previously recommended a finding that the instant petition was not a second or successive petition, the Magistrate Judge states that upon reconsideration, he is not persuaded that his first report was erroneous.  Concerning Respondent's *Magwood*-based argument that challenging the same state court judgment as a prior petition renders the instant petition a second or successive petition, the Magistrate Judge states the following:

8

> What *Magwood* held was that a second-in-time petition attacking the same conviction as a prior petition was not second or successive because it attacked a new judgment in the case. That does not logically imply that a second-in-time petition which attacks the same judgment is a second or successive petition. The Supreme Court explicitly said it was not deciding that question, as the Warden admits.

(ECF No. 28, at PAGEID #: 286.) As for Respondent's argument that the Magistrate Judge had erred in accepting Petitioner's argument that his claims were not ripe until the current protocol became effective—September 18, 2011—the Magistrate Judge states that the same reasons set forth in his July 3, 2012 Report warrant the Court concluding that the claims at issue arose after judgment was final in the prior habeas corpus case.

Respondent filed objections on September 11, 2012. (ECF No. 30.) On September 13, 2012, Respondent also filed Objections to the Magistrate Judge's August 28, 2012 Report and Recommendations recommending denial of Respondent's motion to dismiss. (ECF No. 31.)

On September 28, 2012, Petitioner filed a response to Respondent's Objections (ECF No. 30) of September 11, 2012. (ECF No. 32.) On October 1, 2012, Petitioner filed a Response to the Objections that Respondent filed against the Report and Recommendations addressing Respondent's motion to dismiss. (ECF No. 33.)

On October 2, 2012, the Magistrate Judge issued a Decision and Order deeming Respondent's Motion to Dismiss moot and establishing a scheduling order. (ECF No. 34.) Noting that Respondent persists in his argument that the instant Petition constitutes an abuse of the writ but now no longer seeks the relief he initially requested—namely, dismissal of the Petition—the Magistrate Judge concludes as follows:

> The Court finds that the Warden's Request for Relief in his Objections essentially renders the Motion to Dismiss moot and it is deemed withdrawn without prejudice to any defense the Warden may raise in his answer.

9

(ECF No. 34, at PAGEID #: 349.)

The foregoing mass of filings calls for this Court to resolve a few distinct issues wholly disproportionate to the number of filings it took to present and reiterate those issues. The starting point for this Court must be the Magistrate Judge's conclusions and recommendations. In reviewing those, the Court notes that the precise issue for it to decide is not whether the Magistrate Judge merely erred in any of his findings or conclusions. Rather, only if the Court determines that any part of the Magistrate Judge's decision was clearly erroneous or contrary to law may the Court modify or set aside that part. The "clearly erroneous" standard applies to the Magistrate Judge's factual findings. A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). *See also Adams v. County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000). The "contrary to law" standard applies to the Magistrate Judge's legal conclusions. Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). Viewed against this backdrop, the Court is not persuaded that any part of the Magistrate Judge's Reports and Recommendations or Decision and Order were "clearly erroneous" or "contrary to law" sufficient to require this Court to modify or set them aside.

In the July 3, 2012 Report and Recommendations (ECF No. 19), the Magistrate Judge concludes that the instant Petition, although second in time, is neither a second or successive petition within the meaning of § 2244(b) nor an abuse of the writ. The Magistrate Judge reaches

10

that conclusion by interpreting *Magwood v. Patterson* as merely reiterating the Supreme Court's prior position that there are instances where a subsequent or second in time petition does not constitute a second or successive petition requiring § 2244 authorization.  Relying on pre-*Magwood* Sixth Circuit authority, the Magistrate Judge concludes that Petitioner's claims, which challenge Ohio's September 18, 2011 execution policy, constitute later-ripening claims that Petitioner could not have raised earlier.

Upon *de novo* review, this Court finds nothing clearly erroneous or contrary to law in the Magistrate Judge's July 3, 2012 Report and Recommendations.  This Court agrees with and adopts the Magistrate Judge's interpretation of *Magwood v. Patterson* and overrules Respondent's objection thereto.  Respondent insists that under *Magwood*, because the instant Petition challenges the same sentencing judgment that the prior Petition challenged, the instant Petition is a second or successive petition subject to § 2244(b)'s requirement that it be authorized by the Court of Appeals in order to proceed.  *Magwood* says no such thing.  *Magwood* held the following:  "Because Magwood's habeas application challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)."  130 S.Ct. at 2792.  Respondent attempts to invert that statement to support the conclusion that any subsequent application that challenges the same judgment that a prior application challenged is second or successive.  That conclusion does not follow from *Magwood*'s holding.  And, to the extent that *Magwood*'s reasoning could be read to suggest that conclusion—by virtue of emphasizing the nexus between the phrase "second or successive" and the judgment challenged—the fact remains that *Magwood* <u>expressly</u> disavowed answering the question that Respondent says it answered.  *Magwood* stated in no uncertain terms:

11

> This case does not require us to determine whether § 2244(b) applies to every application filed by a prisoner in custody pursuant to a state-court judgment if the prisoner challenged the same state-court judgment once before. Three times we have held otherwise. See *Slack v. McDaniel*, 529 U.S. 473, 487, 120 S.Ct. 1595 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998); *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007).
>
> The dissent's claim that our reading of § 2244(b) calls one of those decisions, *Panetti*, into doubt, see *post*, at 2806-2808, is unfounded. The question in this case is whether a first application challenging a new sentence in an intervening judgment is second or successive. *It is not whether an application challenging the same state-court judgment must always be second or successive*.

*Magwood*, 130 S.Ct. at 2799 n.11 (emphasis added).

Having concluded that *Magwood* does not inform the question at issue, the Court likewise agrees with and adopts the Magistrate Judge's conclusion that pre-*Magwood* authority by both the Sixth Circuit and courts within the Sixth Circuit dictates against finding that the instant Petition is a second or successive petition and the Court overrules Respondent's objections thereto. This Court has reviewed all of the cases that the Magistrate Judge discussed. This authority establishes that a numerically second petition is not properly characterized as "second or successive" within the reach of § 2244(b) if it asserts claims with predicates that arose after the filing of the original petition. *See, e.g., In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010). These cases are consistent with the Supreme Court's decisions in *Panetti* and *Martinez-Villareal* declining to apply § 2244(b) to subsequent petitions raising claims that were not ripe at the time the original petitions were adjudicated. The Court is not persuaded that the *Magwood* decision alters this conclusion because *Magwood* expressly declined to address the question of whether every subsequent petition challenging the same state-court judgment as a previous petition constitutes a "second or successive" petition.

12

This Court therefore agrees with the Magistrate Judge and other judges within this District that claims such as those involved here are properly characterized as newly arising or newly ripening. That is, Petitioner could not have raised these claims before final adjudication of his initial Petition. The Sixth Circuit has held that the statute of limitations governing method-of-execution challenges brought via § 1983 begins anew any time Ohio adopts a new written protocol. *See Cooey v. Strickland*, 604 F.3d 939, 942 (6th Cir. 2010) (stating that once Ohio adopted a new execution protocol, "the statute of limitations to challenge the new procedure began to run anew"). Although the instant method-of-execution challenges are before this Court in habeas corpus, rather than a § 1983 action, the same reasoning informs the determination of when Petitioner's claims became ripe. Even if some of the law, facts, and anecdotal evidence supporting Petitioner's method-of-execution challenges existed in some general sense prior to the effective date of the current protocol, it would be impossible for Petitioner to lodge a challenge to a method of execution protocol and related practices that did not exist at that time. In fact, it could be argued that any such claim would fail to present a ripe case or controversy, effectively putting it beyond the scope of this Court's reach.

The Court also overrules Respondent's objection asserting that Petitioner's pursuit of dual track litigation is somehow inequitable and suggesting that Petitioner's filing method-of-execution claims in a habeas corpus action subsequent to filing method-of-execution claims in a § 1983 action somehow renders the habeas action "second or successive" within the meaning of § 2244(b). In short, this Court rejects Respondent's position that there is no difference between the execution challenges that Petitioner raises herein and the execution challenges that Petitioner is pursuing in the § 1983 action before this Court. In the instant habeas corpus action, Petitioner

13

lodges facial, unconditional challenges to the constitutionality of Ohio's execution method and nowhere concedes that Ohio can ever constitutionally execute him in the only manner permitted by Ohio Rev. Code § 2949.22(A) and (C). Those challenges are factually related to, but legally distinct from, the challenges that he is litigating in *In re Ohio Execution Protocol Litigation* because there, Petitioner necessarily concedes that Ohio can, if it makes certain changes and improvements, execute him in compliance with the United States Constitution. This Court explained at the inception of the § 1983 challenge to Ohio's execution procedures the differences between a method-of-execution challenge properly raised in § 1983 and a method-of-execution challenge properly raised in habeas corpus. *Cooey v. Taft*, Case No. 2:04-cv-1156, ECF No. 14, at 17-18 (S.D. Ohio Mar. 28, 2005). Petitioner's curious attempt to disavow that concession (ECF No. 18, at PAGEID #: 158) is unavailing. That is fortunate for him, however, as any recognition by this Court of that disavowal would be fatal to his continued participation in the § 1983 case.

For the foregoing reasons, the Court accordingly **ADOPTS** the Magistrate Judge's July 3, 2012 Report and Recommendations (ECF No. 19) and **OVERRULES** Respondent's July 12, 2012 Objections (ECF No. 21).

In the August 28, 2012 Report and Recommendations (ECF No. 28), the Magistrate Judge recommends that this Court deny Respondent's Motion to Dismiss the Petition. The Magistrate Judge bases that recommendation on his conclusion that for the same reasons he concluded that the instant Petition did not constitute a second or successive Petition, the instant Petition also is not an abuse of the writ. In so reasoning, the Magistrate Judge notes that the parties had not addressed whether or to what extent the abuse of the writ doctrine survives post-

AEDPA and that he assumes survival of the doctrine only for purposes of ruling on Respondent's Motion to Dismiss. The Magistrate Judge additionally notes that the Sixth Circuit in *Adams v. Bradshaw* decided that method-of-execution challenges such as those that Petitioner raises herein are cognizable in habeas corpus. The Magistrate Judge also relies on the determinations recently made by other judges within this District concluding that because Eighth Amendment claims such as those that Petitioner raises herein could not have been raised earlier, Petitioner's claims are not time-barred and therefore do not render this Petition a second or successive petition. Finally, the Magistrate Judge concludes that to the extent the Petition presents a viable Equal Protection claim, that claim also "arose after the prior Petition was fully adjudicated and thus is not barred by the abuse of the writ doctrine." (ECF No. 28, at PAGEID #: 284.)

Upon *de novo* review, this Court finds nothing clearly erroneous or contrary to law in the Magistrate Judge's August 28, 2012 Report and Recommendations. (The Magistrate Judge in a subsequent Decision and Order deems Respondent's Motion to Dismiss moot. Assuming *arguendo* that the Motion to Dismiss is not moot, the Court denies the motion for the reasons that follow.) The Court agrees with the Magistrate Judge that, following the Sixth Circuit's decision of *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011), it is beyond dispute that certain method-of-execution challenges are cognizable in habeas corpus. Respondent earlier disputed reliance by the Magistrate Judge and Petitioner on *Adams*, arguing that Adams, unlike Sheppard herein, had never conceded the existence of alternative methods of constitutionally carrying out his death sentence. (ECF No. 16, at PAGEID #: 110.) This Court has already made clear, notwithstanding Petitioner's veiled protestations to the contrary, that although Petitioner herein

15

lodges facial, unconditional challenges to the constitutionality of Ohio's execution method and nowhere concedes that Ohio can ever constitutionally execute him in the only manner permitted by Ohio Rev. Code § 2949.22(A) and (C), Petitioner necessarily concedes in the § 1983 action that Ohio can, if it makes certain changes, constitutionally execute him. Assuming without deciding that the abuse-of-the-writ doctrine continues to exist post-AEDPA, this Court agrees with the Magistrate Judge that for the same reasons the instant Petition is not second or successive, it also is not an abuse of the writ. Both conclusions stem from this Court's determination that Petitioner could not have raised his method-of-execution claims at the time he litigated his first habeas petition.

For the foregoing reasons, the Court accordingly **ADOPTS** the Magistrate Judge's August 28, 2012 Report and Recommendations (ECF No. 28) and **OVERRULES** Respondent's September 13, 2012 Objections (ECF No. 31).

Also on August 28, 2012, the Magistrate Judge issued a Supplemental Report and Recommendations on the Remand Question. (ECF No. 29.) Essentially finding unpersuasive Respondent's arguments and objections, the Magistrate Judge again urges the Court to find that the claims in the instant subsequent Petition arose after judgment was final on the prior Petition and that for that reason, the instant Petition is not second or successive. In so concluding, the Magistrate Judge rejects Respondent's interpretation of *Magwood v. Patterson*, explaining as follows:

> What *Magwood* held was that a second-in-time petition attacking the same conviction as a prior petition was not second or successive because it had attacked a new judgment in the case. That does not logically imply that a second-in-time petition which attacks the same judgment is a second or successive petition. The Supreme Court explicitly said it was not deciding that question, as the Warden admits.

16

(ECF No. 28, at PAGEID #: 286.)  The Magistrate also concludes, for the same reasons that he had set forth in his July 3, 2012 Report and Recommendation, that Petitioner's claims did not become ripe until the current execution protocol became effective on September 18, 2011.

Upon *de novo* review, this Court finds nothing clearly erroneous or contrary to law in the Magistrate Judge's August 28, 2012 Supplemental Report and Recommendations.  (ECF No. 29.)  This Court stands by its and the Magistrate Judge's interpretation of *Magwood v. Patterson* and the determination that Petitioner could not have raised his method-of-execution challenges at the time he pursued his original habeas petition.  The Court accordingly overrules Respondent's September 11, 2012 Objections.  (ECF No. 30.)

Only one objection requires discussion.  Respondent appears to argue that the Magistrate Judge erred in accepting both Petitioner's argument that his claims were unripe until recently and the notion that Petitioner's claims are general attacks that are cognizable in habeas corpus.  Respondent reasons that if Petitioner's claims are the type of general, facial challenges to the lawfulness of Petitioner's death sentence that typically sound in habeas corpus, then his claims were ripe at the time he pursued his original habeas petition.  If, on the other hand, Petitioner's claims are reliant on the September 18, 2011 execution protocol and new evidence, as Petitioner contends and the Magistrate Judge accepted, then Petitioner's claims belong in § 1983 and are not cognizable in habeas corpus.  The Court rejects that reasoning because it fails to recognize that certain claims that sound in habeas corpus because they challenge the lawfulness of the state-court judgment nonetheless may be unripe at the time the petition is filed and evolve or newly ripen.  The Supreme Court recognized as much in *Panetti* and *Martinez-Villareal*.

For the foregoing reasons, the Court accordingly **ADOPTS** the Magistrate Judge's

17

August 28, 2012 Supplemental Report and Recommendations (ECF No. 29) and **OVERRULES** Respondent's September 11, 2012 Objections (ECF No. 30).

On October 2, 2012, the Magistrate Judge issued a Decision and Order deeming Respondent's Motion to Dismiss moot, per Respondent's effective withdrawal of the same, and establishing a scheduling order. (ECF No. 34.) Noting that Respondent was persisting in arguing why the instant Petition constitutes an abuse of the writ, the Magistrate Judge also notes that Respondent, in any event, no longer sought the relief he had initially requested—namely, dismissal of the Petition. Neither party filed objections.

Upon *de novo* review, this Court finds nothing clearly erroneous or contrary to law in the Magistrate Judge's October 2, 2012 Decision and Order. (ECF No. 34.) The Court **ADOPTS** the Scheduling Order that the Magistrate Judge established. Accordingly, Respondent shall have thirty (30) days from the date of this Opinion and Order to file an answer that conforms to the requirements of Rule 5 of the Rules Governing Section 2254 Cases. Petitioner shall have twenty-one (21) days from the date Respondent files an answer to file any reply.

For the foregoing reasons, the Court **DETERMINES** on **REMAND** that the instant Petition is **NOT** a second or successive petition under § 2244(b) (ECF No. 13); the Court **DENIES** Respondent's Alternate Motion to Dismiss (ECF No. 16); the Court **ADOPTS** the Magistrate Judge's Report and Recommendations recommending that it find that the instant Petition is not a second or successive petition (ECF No. 19); the Court **ADOPTS** the Magistrate Judge's Report and Recommendations recommending that it deny Respondent's Motion to Dismiss (ECF No. 28); and the Court **ADOPTS** the Magistrate Judge's Supplemental Report and Recommendations recommending that it conclude that the instant Petition is not a second or

18

successive petition (ECF No. 29).

    **IT IS SO ORDERED**.

                                                                         /s/ Gregory L. Frost
                                                         GREGORY L. FROST
                                                         UNITED STATES DISTRICT JUDGE