IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOBBY T. SHEPPARD,**

      Petitioner,

v.                                               Case No.  1:12-CV-198
                                                    JUDGE GREGORY L. FROST
**WARDEN, Chillicothe Correctional**     Magistrate Judge Michael R. Merz
**Institution.**

      Respondent.

## OPINION AND ORDER

This death penalty habeas corpus case is before the Court on a second-in-time Petition. (ECF No. 2.)  Specifically, Petitioner is before this Court to litigate two new claims challenging the constitutionality of Ohio's execution policy, procedures, and practices.  Also before the Court are Respondent's Return of Writ (ECF No. 36) and Petitioner's Traverse (ECF No. 37).

This Court issued a March 4, 2009 final judgment denying a habeas corpus action that Petitioner had filed in 2000 challenging the validity of his 1995 state-court convictions and death sentence (Case No. 1:00-cv-493).  Petitioner filed the instant second-in-time Petition on March 9, 2012, pursuant to 28 U.S.C. §§ 2241 and 2254.  (ECF No. 2.)  On January 14, 2013, this Court issued an Opinion and Order concluding that the instant Petition could proceed.  Petitioner raises the following two claims:

> **First Ground for Relief**:  Sheppard's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **Second Ground for Relief**:  Sheppard's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of Equal Protection of the Law.

1

(ECF No. 2, at Page ID # 27, 29.)

In his Eighth Amendment claim, Petitioner states that his challenge

> includes, but is not limited to, the delivery mechanisms used, the physical structures employed in Ohio's protocol, the personnel and training involved, Ohio's substantial and documented pattern of repeated deviation and/or variation from the overarching execution policy and the written execution protocol in administering executions regardless of the particular policy in effect at the time, the functional nonexistence of the written protocol's safeguards as administered, the repeated inability to carry out an execution without encountering serious problems, and the unfettered discretion granted in the policy to several of the actors involved.

(*Id.* at Page ID # 27-28.) The essence of Petitioner's Fourteenth Amendment challenge is that:

> The State of Ohio's deviations and/or variations from their written protocol are arbitrary, they are irrational, they further no legitimate state interests, and/or there is no relationship between the deviations and/or variations and any legitimate state interest, nor is there any relationship between the deviations and/or variations and the condemned inmate.

(*Id*. at Page ID # 30.)

In his February 11, 2013 Return of Writ, Respondent asserts both that Petitioner's claims are barred by procedural default and that they do not merit relief. (ECF No. 36.)

The parties first debate whether Petitioner procedurally defaulted his claims by failing to present them to the state courts, based on the Ohio Supreme Court's decision in *Scott v. Houk*, 127 Ohio St. 3d 317, 939 N.E.2d 835 (2010). The Ohio Supreme Court issued *Scott v. Houk* to answer the following certified question: "Is there a post-conviction or other forum to litigate the issue of whether Ohio's lethal injection protocol is constitutional under *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), or under Ohio law?" *Scott*, 127 Ohio St. 3d at 318, 939 N.E.2d at 836. In answering that question, the Ohio Supreme Court began by noting the various established methods that the Ohio legislature had established for Ohio death-sentenced

2

inmates to receive state review of his or her case: direct appeal, postconviction, state habeas corpus, and application to reopen the direct appeal.

The Ohio Supreme Court then stated as follows:

> The Ohio General Assembly has not yet provided an Ohio-law cause of action for Ohio courts to process challenges to a lethal-injection protocol, and given the review available on this issue through Section 1983, Title 42, U.S. Code, for injunctive relief against appropriate officers or federal habeas corpus petitions, we need not judicially craft a separate method of review under Ohio law. Accordingly, until the General Assembly explicitly expands state review of death-penalty cases by creating a methodology for reviewing Ohio's lethal-injection protocol, we must answer the certified question as follows: There is no state postconviction relief or other state-law mode of action to litigate the issue of whether a specific lethal-injection protocol is constitutional under *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008), or under Ohio law.

*Scott*, 127 Ohio St. 3d at 318-19, 939 N.E.2d at 836. According to Petitioner, *Scott* thus determined that no remedy exists in Ohio for raising method-of-execution challenges, thereby relieving Petitioner of any obligation to present his claims to the state courts as a pre-condition for raising them in habeas corpus. Respondent argues that *Scott* left intact an inmate's right to raise method-of-execution challenges through already-existing Ohio remedies. The Court need not determine whether Petitioner procedurally defaulted his claims or reach any conclusion about the effect of *Scott* because for the reasons that follow, the Court finds that both of Petitioner's claims are without merit in habeas corpus.[1]

Respondent argues that Petitioner's claims are without legal and factual support. As to

---

[1] The Court notes that its prior discussion of procedural default in *Lynch v. Hudson*, Case No. 2:07-cv-948, 2011 WL 4537890 (S.D. Ohio Sept. 28, 2011), does not necessarily inform the parties' debate. There, the undersigned rejected a nearly identical Eighth Amendment method-of-execution claim not only as without merit, but also as procedurally defaulted. *Lynch* is distinguishable from the instant case because in *Lynch*, unlike here, the petitioner had raised a method-of-execution challenge in state postconviction, albeit a bare-bones version of the claim he ultimately presented in habeas corpus.

3

the Eighth Amendment challenge framed in Petitioner's first ground for relief, Respondent states that the United States Supreme Court's decision in *Baze v. Kentucky*, 553 U.S. 35 (2008), governs Petitioner's claim. Under *Baze*, according to Respondent, Petitioner's Eighth Amendment claim fails because Petitioner has not demonstrated that Ohio's planned use of lethal injection presents a sure or very likely risk of serious pain and needless suffering. (ECF No. 36, at Page ID # 379.) With respect to the Fourteenth Amendment challenge that Petitioner sets out in his second ground for relief, Respondent asserts that "[t]he Warden's research has failed to disclose any decision of the Supreme Court of a federal circuit court invalidating a condemned prisoner's sentence on the ground that the state's use of lethal injection violated the Equal Protection Clause." (*Id*.) With respect to both claims, Respondent relies on *Lynch v. Hudson*, in which, as referenced above, the undersigned rejected similar if not nearly identical Eighth and Fourteenth Amendment challenges raised in habeas corpus. 2011 WL 4537890, at *132.

Petitioner, relying on *Baze v. Rees*, insists that his Eighth Amendment claim is meritorious because "[t]here is an objectively intolerable risk of several harms and a substantial risk of several serious harms if § 2949.22(A) and the written execution policy is applied to Sheppard." (ECF No. 37, at Page ID # 393.) As for his Fourteenth Amendment claim, Petitioner asserts that "[f]actual development of Sheppard's claims will demonstrate that deviations from the State of Ohio's death penalty statute and the written execution protocol have resulted (and continue to result) in each inmate condemned to death being treated disparately[,]" in violation of their and Petitioner's right to equal protection. (*Id*. at Page ID # 397.) The Court disagrees.

Sixth Circuit precedent all but forecloses Petitioner's Eighth Amendment claim, and Petitioner's Fourteenth Amendment claim finds no support in law. With respect to Petitioner's

4

Eighth Amendment claim, the Court begins its analysis with *Lynch v. Hudson*. There, the undersigned addressed a claim challenging Ohio's lethal injection protocol, procedures, and practices. The undersigned found that the claim was without merit, explaining:

> Petitioner has not (and cannot) cite to any clearly established federal law as determined by the United States Supreme Court holding that lethal injection constitutes cruel and unusual punishment, or violates the rights to due process or equal protection. In *Fitzpatrick v. Bradshaw*, where the petitioner asserted a claim asserting that lethal injection violated the petitioner's rights to protection from cruel and unusual punishment and to due process of law, a sister court within the Sixth Circuit rejected it as follows:
>
>> Fitzpatrick does not provide this Court with any citation to case law in which lethal injection was found to be cruel and unusual punishment. No court has found this method of execution to be constitutionally impermissible. The Sixth Circuit has even commented that at this time, lethal injection "is the law of the republic." *Alley v. Little*, 2006 WL 1313365, * 2 (6th Cir. 2006); *Adams v. Bradshaw*, 484 U.S. F.Supp2d 753, 796 (2007). This Court also notes, that recently the U.S. Supreme Court upheld the constitutionality of a lethal injection protocol similar to that used in Ohio. *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008). This claim is without merit.
>
> No. 1:06-cv-356, 2008 WL 7055605, at *62 (S.D. Ohio Oct. 14, 2008); *see also Hand v. Houk*, No. 2:07-cv-846, 2011 WL 2446383, at *113 (S.D. Ohio Apr. 25, 2011); *Hanna v. Ishee*, No. C-1_03-cv-801, 2009 WL 485487, at *52-53 (S.D. Ohio Feb. 26, 2009). Not even this Court's recent decision in *Cooey v. Kasich* granting Smith's motion for a temporary restraining order and preliminary injunction staying his execution bolsters Petitioner's claim. Nos. 2:04-cv-1156, 2:09-cv-242; 2:09-cv-823, 2:10-cv-27, 2011 WL 2681193 (S.D. Ohio Jul. 8, 2011). The decision does not constitute clearly established federal law as determined by the Supreme Court. And in granting the Plaintiff-Intervener's motion for a temporary restraining order and preliminary injunction staying his execution, this Court did not hold that Ohio's execution procedure was unconstitutional, 2011 WL 2681193, at *34. Rather, the Court concluded only that the Plaintiff-Intervener had a substantial likelihood of succeeding on the merits of his claim that Ohio's execution procedure violates the Equal Protection Clause.

*Lynch*, 2011 WL 4537890, at *132. The Court still adheres to this reasoning.

5

Additionally, the Court adds that nothing in its review of Petitioner's myriad allegations and the relevant case law persuades it that there is any more merit to Petitioner's Eighth Amendment claim here than there was in *Lynch*.  As alluded to above, the Supreme Court in *Baze v. Rees* approved a lethal-injection protocol that was nearly identical to the protocol that Ohio had in place at that time.  Assuming that *Baze* establishes the controlling standard—*Baze* was a plurality decision and was not issued in the context of habeas corpus—a method of execution violates the Eighth Amendment only if it creates a substantial risk of severe pain or harm.  *Baze*, 553 U.S. at 61-62.

In the wake of *Baze*, courts within the Sixth Circuit have consistently rejected habeas claims raising Eighth Amendment *and* Fourteenth Amendment challenges against Ohio's execution protocol, procedures, and practices.  In *Cooey (Biros) v. Strickland*, 589 F.3d 210, 223-24 (6th Cir. 2009), the Sixth Circuit held—albeit in the context of denying a stay of execution sought in connection with a § 1983 action—that Ohio's then protocol did not violate the Eighth Amendment.  In *Treesh v. Bagley*, 612 F.3d 424, 439 (6th Cir. 2010), the Sixth Circuit denied a certificate of appealability on a claim raising an Eighth Amendment challenge against Ohio's execution protocol, concluding that the petitioner had failed to make a substantial showing that he was denied a constitutional right.  District courts have followed suit.  *See Brinkley v. Houk*, 866 F. Supp. 2d 747, 842-43 (N.D. Ohio 2011) (rejecting Eighth and Fourteenth Amendment challenges to Ohio's execution protocol); *Scott v. Houk*, No. 4:07-CV-0753, 2011 WL 5838195, at *46-47 (N.D. Ohio Nov. 18, 2011) (same); *Frazier v. Bobby*, No. 3:09-CV-1208, 2011 WL 5086443, at *57-58 (N.D. Ohio Oct. 25, 2011) (same).  This Court has several times recently concluded in § 1983 litigation that the very facts and evidence that

Petitioner relies on here were insufficient to demonstrate that the movants there had a substantial likelihood of succeeding on the merits of their Fourteenth Amendment claims.  *See In Re: Ohio Execution Protocol Litig.*, 906 F. Supp. 2d 759 (S.D. Ohio 2012) (rejecting Bret Hartman's request for a temporary restraining order to stay his execution); *In Re: Ohio Execution Protocol Litig.*, 868 F. Supp. 2d 625 (S.D. Ohio 2012) (rejecting Mark Wiles' request for a temporary restraining order to stay his execution).  This Court has given careful consideration to the facts and arguments that Petitioner offered not only in his Petition (ECF No. 2) but also in his Traverse (ECF No. 37, at Page ID # 386-405) and is not persuaded that they warrant habeas corpus relief under controlling precedent or even persuasive precedent.

This conclusion similarly forecloses any request by Petitioner for factual development. Finding that Petitioner can demonstrate good cause to conduct discovery requires a finding that Petitioner's claims have some chance of succeeding.  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (explaining that district court should grant leave to conduct discovery in habeas corpus only where petitioner shows that if the facts are more fully developed, he or she may be entitled to relief); *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).  The "good cause" requirement for habeas corpus discovery prohibits an open-ended fishing expedition and requires a petitioner to offer a supported explanation of what evidence he or she anticipates discovery will yield.  Petitioner has offered no such explanation but instead appears to rely on "[n]ew evidence . . . created with every execution cycle." (ECF No. 37, at Page ID # 385 n.1).  As noted above, in *In Re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, this Court recently has concluded three times that such evidence was insufficient to demonstrate that the movants had a substantial likelihood of succeeding on their

Equal Protection claims. *In Re: Ohio Execution Protocol Litig.*, 906 F. Supp. 2d 759 (Hartman); *In Re: Ohio Execution Protocol Litig.*, 868 F. Supp. 2d 625 (Wiles). The same reasoning is sufficient in this Court's view to conclude that Petitioner cannot presently demonstrate "good cause" to conduct discovery on his Fourteenth Amendment claim in habeas corpus. Additionally, the Sixth Circuit's decision in *Cooey (Biros) v. Strickland*, 589 F.3d 210 (6th Cir. 2009), considering and rejecting numerous Eighth Amendment challenges to Ohio's execution policies, procedures, and practices is sufficient in this Court's view to find that Petitioner herein cannot presently demonstrate "good cause" to conduct discovery on his Eighth Amendment claim in habeas corpus. That is so, in this Court's view, despite the fact that since *Cooey (Biros)*, Ohio has switched its "Plan A" drug from sodium thiopental to pentobarbital.

For the foregoing reasons, the Court concludes that Petitioner's first and second grounds for relief are without merit. Nonetheless, the Court also certifies both grounds for appeal.

An appeal from the denial of a habeas corpus action may not proceed unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). To warrant a certificate of appeal ability, a petitioner must make a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1983); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The petitioner need not demonstrate that he or she will prevail on the merits; the petitioner need only demonstrate that the issues he or she seeks to appeal are deserving of further proceedings or are reasonably debatable among jurists of reason. *Barefoot*, 463 U.S. at 893 n.4. The Supreme Court has explained that, "[where a district court has rejected the constitutional claims on the merits, the showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000).

Under that standard, the Court is satisfied that Petitioner's first and second grounds for relief are deserving of further consideration on appeal. The Court has already determined that Petitioner's grounds, as plead, sound in habeas corpus. (ECF No. 35.) The Court recognizes, however, that the parties spiritedly debated this issue and that different courts have taken different positions on the issue. Whether or to what extent Petitioner's Eighth Amendment or Fourteenth Amendment method-of-execution challenges, as presently plead on the basis of problems during past executions, warrant habeas corpus relief has never squarely been addressed by the Sixth Circuit. This Court is of the view that reasonable jurists could find debatable or wrong today's decision denying Petitioner's claims and dismissing this action. In view of the heavily disputed issue of whether Petitioner's claims sound in habeas corpus, as well as the fact that the merits of Petitioner's claims in habeas corpus present a question of first impression, the Court accordingly certifies for appeal Petitioner's first and second grounds for relief in their entirety.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE