IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOBBY T. SHEPPARD,**

      **Petitioner,**

v.                                           Case No. 1:12-cv-198
                                                      JUDGE GREGORY L. FROST
**NORMAN ROBINSON, Warden,**           Magistrate Judge Michael R. Merz

      **Respondent.**

## ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of Petitioner's Motion to Vacate Deadline to File Amended Traverse. (ECF No. 62.)

Pursuant to the Magistrate Judge's June 2, 2015 Notation Order, Petitioner has until and including July 31, 2015 to file an Amended Traverse. In light of Respondent's intention to oppose the instant motion (ECF No. 62, at Page ID # 773), the immediacy of the deadline, the promulgation of amendments to Ohio's execution protocol on June 29, 2015 (Case No. 2:11-cv-1016, ECF No. 521, Notice of Revised 01-COM-11 dated June 29, 2015), and the decision of the United States Supreme Court in *Glossip v. Gross*, No. 14-7955, 2015 WL 2473454 (U.S. Jun. 29, 2015), the Court **VACATES** the June 2, 2015 Notation Order giving Petitioner until and including July 31, 2015 to file his Amended Traverse.

Petitioner states in the instant motion that he "will file a Second Amended and Supplemental Petition no later than August 3, 2015." (ECF No. 62, at Page ID # 773.) The

1

Court construes that as a motion for leave to amend and **DENIES** it on the ground that it references a superseded execution protocol, to wit:  the protocol dated January 9, 2015.

Petitioner shall have until and including August 3, 2015 to file a new motion for *leave* to amend his petition, accompanied by a complete proposed amended petition.  In the memorandum in support, Petitioner must address the impact of *Glossip* on the Sixth Circuit precedent upon which this Court has continually relied for authority to allow method-of-execution claims to be litigated in habeas corpus:  specifically, *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011).

**IT IS SO ORDERED.**

/s/ Gregory L. Frost<br>
GREGORY L. FROST<br>
UNITED STATES DISTRICT JUDGE