IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOBBY T. SHEPPARD,**

    Petitioner,

v.                                       Case No.  1:12-cv-198
                                                  JUDGE GREGORY L. FROST
**NORMAN ROBINSON, Warden,**         Magistrate Judge Michael R. Merz

    Respondent.

## ORDER

On March 16, 2016, Petitioner filed objections (ECF No. 79) to the Magistrate's Judge February 12, 2016 Decision and Order Denying Renewed Motion to Amend and Transferring Case to the Sixth Circuit (ECF No. 75). The crux of Petitioner's objections is that the Magistrate Judge erred based on the rationale of *Adams v. Bradshaw*, No. 07-3688, 2016 WL 963862 (6th Cir. Mar. 15, 2016). Petitioner asks the undersigned to sustain his objections, vacate the Magistrate Judge's decision, and grant Petitioner leave to file a second amended and supplemental habeas corpus petition.

Petitioner seeks premature relief. The Sixth Circuit issued its Opinion in *Adams v. Bradshaw* on March 15, 2016. No mandate issued with that decision, and the mandate will not issue until at least seven days after the time for filing a petition for rehearing expires or seven days after entry of an order denying a petition for panel rehearing, petition for rehearing en banc, or a motion to stay the mandate, whichever is later. *See* Fed. R. App. P. 41(b). There could be a rehearing petition or a motion to stay issuance of the mandate related to the filing of a petition for writ of certiorari. Until the mandate issues, the court of appeals' Opinion cannot be

considered final, which means it is not the law.  *See Nat. Res. Def. Council, Inc. v. Cty. of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013).  *See also* Fed. R. App. P. 41(c), 1998 Adv. Comm. Note ("A court of appeals' judgment or order is not final until issuance of the mandate").  This is because " a 'court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, sua sponte or by motion of the parties.' "  *Nat. Res. Def. Council, Inc.*, 725 F.3d at 1203 (quoting *U.S. v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990)).  The end result is that, absent issuance of a mandate, reliance on the related opinion " 'is a gamble.' "  *Id.* (quoting *Carver v. Lehman*, 558 F.3d 869, 878 n.16 (9th Cir. 2009)).

The undersigned recognizes the substance of the Sixth Circuit's March 15, 2016 Opinion and its potential effect here.  But the undersigned also recognizes the problems with the unexpectedly cursory analysis the court of appeals' panel set forth regarding the continued vitality of *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), following the United States Supreme Court's decision in *Glossip v. Gross*, 135 S.Ct. 2726 (2015).  Implicit in the Sixth Circuit's one-paragraph overview is that the *Glossip* majority did not know or mean what it was saying when it characterized the Supreme Court's prior holding in *Hill v. McDonough*, 547 U.S. 573 (2006).  This tension between the Supreme Court's understanding of what it has said and done and the court of appeal's interpretation could prompt action delaying issuance of the mandate, if not leading to issuance of a new decision.

Therefore, there is no point in proceeding with briefing on Petitioner's objection and the meaning of  *Adams v. Bradshaw*, No. 07-3688, 2016 WL 963862 (6th Cir. Mar. 15, 2016), until that decision is actually the law.  The Court **STAYS** briefing on Petitioner's objection until issuance of the *Adams v. Bradshaw* mandate.  Respondent shall file a response to the objection

2

within fourteen days after the court of appeals issues its mandate.

**IT IS SO ORDERED.**

       /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE