# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

    Petitioner,

Case No. 1:12-cv-198

-vs-

District Judge Timothy S. Black[1]
Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
 Chillicothe Correctional Institution,

    Respondent.

# TRANSFER ORDER

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File an Amended Petition to Address Newly Ripe Claims under *Hurst v. Florida* (ECF No. 82). The Warden opposes the Motion (ECF No. 83) and Petitioner has filed a Reply in Support (ECF No. 84).

**The Parties' Positions**

Petitioner seeks to add the following two Grounds for Relief to this case:

> Bobby Sheppard's Sixth, Eighth, and Fourteenth Amendment rights were violated because, although Sheppard invoked his right to a jury, the jury never properly determined whether Sheppard deserved a death sentence and the trial judge independently made the

---

[1] This case was reassigned to Judge Black upon Judge Frost's retirement (ECF No. 81).

> conclusive findings and determinations that were necessary to sentence Sheppard to death.
>
> Bobby Sheppard's Sixth, Eighth, and Fourteenth Amendment rights were violated by the Supreme Court of Ohio's attempt to cure constitutional error in the sentencing process by independently reweighing the statutory aggravating circumstances and mitigating factors.

(ECF No. 82-1, PageID 1279, 1295).

Petitioner asserts Ohio's capital sentencing scheme is unconstitutional under *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616 (2016), because

> [An Ohio capital] jury does not make any findings regarding the existence of mitigating factors, the weight to be given to those mitigating factors, or why the statutory aggravating circumstances outweigh the mitigating factors, and the jury's verdict is only a recommendation. Pursuant to Ohio Rev. Code § 2929.03(F), it is the trial judge and not the jury who must make the ultimate findings of facts that determine whether a defendant is actually sentenced to death. In Sheppard's case, the trial court—not the jury— made the factual findings necessary to impose Sheppard's death sentence: (1) the existence of any mitigation evidence; (2) the weight to assign to any such mitigation evidence; and (3) whether the aggravating factors that were proven beyond a reasonable doubt outweighed Sheppard's mitigation evidence beyond a reasonable doubt.

(Motion, ECF No. 82, PageID 1266). Sheppard also insists that *Hurst* makes unconstitutional the appellate reweighing that the Ohio Supreme Court did in this case to attempt to cure the prosecutorial misconduct it found occurred at Sheppard's trial. *Id.*

The Warden opposes the amendment on the ground that Ohio's capital sentencing scheme does not violate the Constitution as interpreted in *Hurst* (Memo in Opp., ECF No. 83). The Warden also asserts that the instant case involves a second-or-successive habeas corpus petition attacking the same judgment as Sheppard's prior case, Case No. 1-00-cv-493, in which this Court's denial of the writ was affirmed on appeal. *Sheppard v. Bagley*, 657 F.3d 338 (6th Cir.

2011), cert. denied, ___ U.S. ___, 132 S.Ct. 2751 (2011). Because the Petition is second-or-successive, the Warden asserts, this Court lacks jurisdiction and must transfer the case to the Sixth Circuit for Sheppard to obtain permission to proceed under 28 U.S.C. § 2244(b). *Id.* at PageID 1320-21. Finally, the Warden claims Sheppard's Motion is untimely because *Hurst* is merely an application of *Ring v. Arizona*, 536 U.S. 584 (2002), and the claim should have been added within a year of the *Ring* decision to Sheppard's first petition. (Memo in Opp., ECF No. 83 at PageID 1321-23.)

Petitioner replies that the amendment would not make this a second-or successive habeas case because he has not committed an abuse of the writ. (Reply, ECF No. 84, PageID 1330-31, citing *In re Bowen*, 436 F.3d 699 (2006), and *In re Jones*, 652 F.3d 603 (6th Cir. 2010).) Sheppard notes this Court already concluded his lethal injection procedure claims were not second-or-successive. *Id.,* citing ECF No. 19, adopted by ECF No. 35. Sheppard asserts his *Hurst* claims are newly arising because *Hurst* was not decided until "January 13, 2016."[2] (ECF No. 84, PageID 1332.) He offers distinctions between the Arizona capital sentencing scheme found unconstitutional in *Ring* and the Florida scheme invalidated in *Hurst*. *Id.* at PageID 1332-34. Sheppard disagrees with this Court's decision in *Chinn v. Jenkins*, 2017 U.S. Dist. LEXIS 22088 (S.D. Ohio Feb. 13, 2017), on the distinction between Ohio's and Florida's capital sentencing schemes. *Id.* at PageID 1336. Finally, although Sheppard concedes *Hurst* says nothing explicit about appellate reweighing, "*Hurst*'s holding cannot be reconciled with *Clemons [v. Mississippi*, 494 U.S. 738 (1990)]." *Id.* at PageID 1337.

---

[2] *Hurst* was handed down January 12, 2016. The date is important, even critical, because of the one year statute of limitations in 28 U.S.C. § 2244(d).

# Analysis

***Hurst* Does Not Invalidate Ohio's Capital Sentencing Scheme**

In *Hurst, supra,* the Supreme Court was called upon to decide whether its prior decisions upholding Florida's capital punishment scheme in *Spaziano v. Florida*, 468 U.S. 447 (1984) and *Hildwin v. Florida*, 490 U.S. 638 (1989), survived its holding in *Ring v. Arizona*, 536 U.S. 584 (2002). The Florida Supreme Court had relied on *Spaziano* and *Hildwin*, but the United States Supreme Court expressly overruled those two decisions. 136 S.Ct. at 623. In *Ring* the Court had applied the *Apprendi* line of cases to conclude "that Arizona's capital sentencing scheme violated *Apprendi*'s rule because the State allowed a judge to find facts necessary to sentence a defendant to death." *Hurst*, 136 S. Ct. at 621. In Arizona, "a judge could sentence Ring to death only after independently [of the jury] finding at least one aggravating circumstance." *Id.*, quoting *Ring*, 536 U.S. at 591. Had Ring's judge not engaged in the independent factfinding of an aggravating circumstance, the maximum sentence Ring could have received would have been a life sentence. *Hurst*, 136 S.Ct. at 620. Justice Sotomayor continued:

> The analysis the *Ring* Court applied to Arizona's sentencing scheme applies equally to Florida's. Like Arizona at the time of *Ring*, Florida does not require the jury to make the critical findings necessary to impose the death penalty. Rather, Florida requires a judge to find these facts. Fla. Stat. §921.141(3). Although Florida incorporates an advisory jury verdict that Arizona lacked, we have previously made clear that this distinction is immaterial: "It is true that in Florida the jury recommends a sentence, but it does not make specific factual findings with regard to the existence of mitigating or

>aggravating circumstances and its recommendation is not binding on the trial judge. A Florida trial court no more has the assistance of a jury's findings of fact with respect to sentencing issues than does a trial judge in Arizona." *Walton* v. *Arizona*, 497 U.S. 639, 648, 110 S. Ct. 3047, 111 L. Ed. 2d 511 (1990); accord, *State* v. *Steele*, 921 So. 2d 538, 546 (Fla. 2005) ("[T]he trial court alone must make detailed findings about the existence and weight of aggravating circumstances; it has no jury findings on which to rely").

*Id.* at 621-22.

The Warden reads *Hurst* narrowly as just overruling *Spaziano* and *Hildwin* and allowing a capital sentencing scheme where the jury merely finds the facts necessary to make a defendant death eligible, e.g., the existence of an aggravating circumstance (ECF No. 83, PageID 1323-25 ). In contrast, Petitioner asserts that *Hurst* requires the trial jury to be "free to fully consider and give effect to all relevant mitigating evidence, and the jury is free to decide whether Sheppard demonstrated the existence of any mitigating factors, the weight to be given to those mitigating factors, and whether the statutory aggravating circumstances outweigh those mitigating factors." (Motion, ECF No. 82, PageID 1272-73.)

This Court believes the correct reading of *Hurst* is that the relative weight of aggravating circumstances and mitigating factors is a question of fact akin to an element under the *Apprendi* line of cases, that is, a fact necessary to be found before a particular punishment can be imposed, e.g., a mandatory minimum sentence as in *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151, 186 L. Ed. 2d 314 (2013).

*Hurst*, however, does not invalidate Ohio's capital sentencing scheme because Ohio's scheme is materially different from Florida's. At the time of Sheppard's trial, Ohio law required that, before a sentence of death could be imposed, the jury must find, beyond a reasonable doubt, that the aggravating circumstances outweighed the mitigating factors. That is to say, every fact

necessary for imposition of a death sentence, including the fact that the proved aggravating circumstances outweigh the mitigating factors, had to be proved to the jury beyond a reasonable doubt. Ohio Rev. Code § 2929.03(D)(1); *State v. Stallings*, 89 Ohio St. 3d 280, 284, 2000-Ohio-164 (2000); *State v. Beuke*, 38 Ohio St. 3d 29, 32-33 (1988); State v. Jenkins, 15 Ohio St. 3d 164, 171-72 (1984). In Ohio, unlike Florida, the trial judge could not find an aggravating circumstance the jury had not already found beyond a reasonable doubt in the culpability phase of the capital trial.

It is true, of course, that the Ohio trial judge has to weigh the aggravating circumstances against the mitigating factors and that weighing is independent of the jury's weighing in the sense that the judge must do it himself or herself. But that weighing is, so to speak, on top of the jury's weighing: if the jury does not find the aggravating circumstances outweigh the mitigating factors, the judge cannot overrule that finding.

Nothing in the United States Constitution forbids a State from giving a defendant the extra protection from a capital sentence that Ohio provides. The protection is parallel to that provided by a motion for judgment of acquittal: a judge can acquit even if a jury has convicted if the judge determines the evidence is insufficient. Likewise, in Ohio's death penalty scheme, a judge may conclude that the aggravating circumstances do not outweigh the mitigating factors in a capital case and may sentence a defendant to a life term despite the jury's finding on relative weight and recommendation of death.

*Hurst* does not mandate jury sentencing in capital cases, the position Justice Breyer believes the Eighth Amendment requires. *Hurst, supra,* at 624 (Breyer, J., concurring in the judgment). It requires only that the jury take the penultimate step: make the necessary factual

finding that the aggravating circumstances outweigh the mitigating factors.

Petitioner believes *Hurst* has also effectively overruled *Clemons v. Mississippi*, 494 U.S. 738 (1990), and its approval of appellate reweighing of aggravating circumstances and mitigating factors. Whatever impact *Hurst* may have on *Clemons* is for the Supreme Court itself to say. It may have appeared inevitable to the death penalty bar that the Florida capital sentencing scheme was unconstitutional under *Ring, supra*. But *Spaziano* and *Hildwin* were controlling precedents until *Hurst* said they weren't.

Because *Hurst* does not invalidate Ohio's capital sentencing scheme, the proposed amendment would be futile. If this Court had jurisdiction to decide the Motion, it would deny amendment on that basis.

## *Hurst* Does Not Apply to Cases on Collateral Review

Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989).

> Two exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*In re Carl Green,* 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari v. Bohlen*, 510 U.S. 383, 396

(1994).

A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-15 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original). For instance, the rule in *Crawford v. Washington,* 541 U.S. 36 (2004), is a new rule, but does not fall within the "watershed" exception to *Teague*. *Whorton v. Bockting*, 549 U.S. 406 (2007). As of February 28, 2007, the date *Whorton* was decided, the only rule the Supreme Court had identified as qualifying under the "watershed" exception is that adopted in *Gideon v. Wainwright,* 372 U.S. 335 (1963). Furthermore, the Court has not found any new procedural rule to be a "watershed" rule since *Whorton*.

Whether a Supreme Court decision applies retroactively should be decided by the district court in the first instance. *Wiegand v. United States,* 380 F.3d 890, 892 (6th Cir. 2004).

The rule announced in *Hurst* is plainly new within the meaning of *Teague*. It was not dictated by precedent. Indeed *Hildwin* and *Spaziano*, overruled by *Hurst*, were the relevant precedents. *Hurst* does not create a new substantive rule. Compare *Atkins v. Virginia,* 536 U.S. 304 (2002)(the intellectually disabled may not be executed), and *Johnson v. United States*, 135 S. Ct. 2551 (2015)(declaring unconstitutionally vague the "residual" clause of the Armed Career Criminal Act). Nor is it a watershed new rule of procedure. See *Beard v. Banks*, 542 U.S. 406, 415-16 (2004)(*Gideon v. Wainwright* might qualify under *Teague's* second exception, but *Batson v Kentucky,* for example, would not).

Petitioner argues he has good cause to amend in that the Florida and Delaware Supreme

Courts have held *Hurst* to be applicable retroactively (ECF No. 215, PageID 16643). But both of those decisions were based on state law retroactivity doctrine. Nothing in *Teague* prohibits state courts from giving retroactive effect, as a matter of state law, to new constitutional rules such as *Crawford v. Washington,* 541 U.S. 36, 53-54 (2004). *Danforth v. Minnesota*, 552 U.S. 264, 280 (2008).

Because *Hurst* does not apply to cases in which the conviction became final on direct appeal before January 2016, it has no application here and the requested amendment would therefore be futile. If this Court had jurisdiction to decide the Motion, it would deny amendment on this basis as well.

**Second or Successive Petition**

The Warden asserts that the Motion to Amend "must be treated as a second petition over which this Court lacks jurisdiction and which should be transferred to the Sixth Circuit." (Memo in Opp. ECF No. 83, PageID 1319-21, relying on *Moreland v. Robinson,* 813 F.3d 315 (6th Cir. 2016). In *Moreland* the Petitioner simultaneously filed a motion for relief from judgment and a motion for leave to amend once the judgment was reopened (Case No. 3:05-cv-334, ECF Nos. 193, 194). District Judge Rose denied both motions on the recommendation of the undersigned. *Id.* at ECF No. 207. The Sixth Circuit held that both "motions are second or successive habeas petitions that the district court lacked jurisdiction to consider. Rather than denying Moreland's motions, the district court should have transferred them to this court to review as requests for permission to be filed." 813 F.3d at 319. More expansively, the Sixth Circuit wrote:

> Moreland's motions were second or successive petitions for habeas corpus relief that the district court lacked jurisdiction to review. Claims may not be presented in a second or successive petition for habeas corpus relief without permission from this court. 28 U.S.C. § 2244(b)(3); Gonzalez v. Crosby, 545 U.S. 524, 528, 532, 538, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). Failure to obtain precertification for the filing of such a petition deprives the district court of jurisdiction to adjudicate the claims raised in such a petition. Burton v. Stewart, 549 U.S. 147, 149, 152-53, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam).
>
> Moreland's motions, although purportedly a Rule 60(b) motion and a post-judgment motion to amend, actually raise habeas claims. Rule 60(b) motions and motions to amend may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief. Gonzalez, 545 U.S. at 531-32; Clark, 764 F.3d at 658-59. Hence, when faced with what purports to be a Rule 60(b) motion or a motion to amend, federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise. Gonzalez, 545 U.S. at 530-31; Clark, 764 F.3d at 658-59. "[F]or the purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" Gonzalez, 545 U.S. at 530. A § 2244(b) claim is "an asserted federal basis for relief from a state court's judgment of conviction." Id. A movant is not making a habeas claim when he seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits. Id. at 532 n.4. But he *is* making a habeas claim when he seeks to add a new ground for relief or seeks to present "new evidence in support of a claim already litigated." Id. at 531-32.

813 F.3d at 322-23.

A year ago the Magistrate Judge decided that the original Petition in this case was second-or-successive (ECF No. 75, PageID 1220).

When originally faced with this question, the Magistrate Judge concluded "the habeas claims initially pled in this case were not second-or-successive because Sheppard had newly-arising habeas claims when Ohio adopted a new lethal injection protocol in September

2011." *Id.* That conclusion was based on *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011)(*Adams I*). This Court then became persuaded that *Glossip v. Gross,* 576 U.S. ___, 135 S.Ct. 2726 (2015), changed the law and made *Adams I* no longer controlling precedent. See ECF No. 63 and *Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914 (S.D. Ohio Sept. 4, 2015); *Bays v. Warden*, 2015 U.S. Dist. LEXIS 127511 (S.D. Ohio Sept. 23, 2015); *Campbell v.Jenkins*, 2015 U.S. Dist. LEXIS 125772 (S.D. Ohio Sept. 21, 2015); *Chinn v. Warden*, 2015 U.S. Dist. LEXIS 127515); *Franklin v. Robinson,* 2015 U.S. Dist. LEXIS 120595 (S.D. Ohio Sept. 10, 2015); *O'Neal v. Jenkins,* 2015 U.S. Dist. LEXIS 121376 (S.D. Ohio Sept. 11, 2015); *Raglin v. Mitchell,* 2015 U.S. Dist. LEXIS 125768 (S.D. Ohio Sept. 15, 2015); *Tibbetts v. Warden*, 2015 U.S. Dist. LEXIS 127485 (S.D. Ohio Sept. 23, 2015); and *Turner v. Hudson*, 2015 U.S. Dist. LEXIS 119882 (S.D. Ohio Sept. 9, 2015). Judge Frost, to whom this case was then assigned, had reached the same conclusion and held "*Glossip* now undeniably upends that practice." *Henderson v. Warden,* 2015 U.S. Dist. LEXIS 134120 (S.D. Ohio Sept. 30, 2015).

However, in March 2016 the Sixth Circuit held that *Adams I* remained good law in spite of *Glossip*. *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. 2016)(*Adams II*). In June 2016 the Sixth Circuit modified its holding in *Adams II*. *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016)("*Adams III*"). The Supreme Court denied certiorari, passing up the opportunity to itself strengthen or modify or clarify *Glossip*. *Adams v. Jenkins,* ___ U.S. ___, 2017 U.S. LEXIS 766 (Jan. 17, 2017). *Adams III* is now the law of the Circuit.

On its face the original Petition in this case is second-or-successive in that it attacks the same judgment of conviction and sentence to death which were the subject of Sheppard's prior habeas corpus case which is now final on appeal. *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir.

2011), *cert. denied,* 132 S.Ct. 2751 (2011). Both the claims in the original Petition (as pled or as they might need to be modified to comply with *Adams III*) and the claims sought to be added by the Motion to Amend are new claims on which Sheppard may not proceed without permission from the Sixth Circuit under 28 U.S.C. 2244(b).

The Magistrate Judge had previously ordered this case transferred to the Sixth Circuit but stayed the effective date of the transfer until review of the transfer by Judge Frost (ECF No. 75, PageID 1222). Judge Frost never completed that review before his retirement and stayed the briefing on the question (ECF No. 80). Sheppard's objections were based on the fact that *Adams II* had issued, making the Magistrate Judge's conclusions based on *Glossip* contrary to law (ECF No. 79).

*Adams III* appears to contemplate lethal injection habeas corpus claims substantially narrower than those Sheppard proposed to plead in this case. It also appears that the Magistrate Judge's actually ruling on Sheppard's Renewed Motion to Amend (ECF No. 70) was in error in light of *Moreland, supra*.

Accordingly, the stay of transfer previously entered in this case (ECF No. 77) is VACATED and the Clerk is ordered to TRANSFER this case to the Sixth Circuit Court of Appeals for a decision from that Court on whether this case may proceed either on the amendments previously proposed by Petitioner or on his claim(s) under *Hurst v. Florida, supra*.

Petitioner's pending Motion to Amend (ECF No. 82) is TERMINATED for lack of jurisdiction to decide it without circuit court permission.

February 21, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge