# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

        Petitioner,      :      Case No. 1:12-cv-198

                             :      District Judge Timothy S. Black
  -vs-                                   Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS,[1] Warden,
 Chillicothe Correctional Institution,
                             :

        Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit (*In re: Bobby Sheppard*, Case No. 17-3190 (6th Cir. Jun. 28, 2017)(unreported; copy at ECF No. 94). The circuit court declined to exercise jurisdiction over the second-or-successive question presented by the Transfer Order (ECF No. 86) without review by a District Judge. *Id.* at 1430. Upon remand, Judge Black recommitted the matter to the undersigned (ECF No. 95). To clarify the parties' positions in relation to the current state of the law, the undersigned ordered Petitioner to file "a motion to amend setting forth all the claims he presently wishes to assert in this case."

Petitioner then filed his "Motion to File a Second Amended and Supplemental Petition" (ECF No. 100). The Warden has filed a Memorandum in Opposition (ECF No. 101) and Sheppard has filed a Reply in support (ECF No. 102).

---
[1] As the current Warden at Chillicothe Correctional, Charlotte Jenkins is the custodian of Petitioner Sheppard and is substituted as Respondent. The caption of the case is amended as set forth here.

**Procedural History**

On August 19, 1994, Sheppard and an accomplice robbed the C&D Carryout in Cincinnati. During the course of the robbery, Sheppard shot Dennis Willhide in the back of the head. Willhide died of the wound. Sheppard was indicted for aggravated murder with capital specifications, convicted by a jury, and sentenced to death in the judgment which forms the basis of this habeas corpus action. Since the offense occurred before January 1, 1995, Sheppard was still entitled to a direct appeal to the Ohio First District Court of Appeals.[2] That court affirmed the conviction and sentence. *State v. Sheppard*, No. B-94-05527 (1st Dist. May 30, 1995)(unreported; copy in Appendix in 1:00-cv-493). The Ohio Supreme Court then affirmed the conviction and sentence. *State v. Sheppard*, 84 Ohio St. 3d 230 (1998), *cert. denied*, 528 U.S. 1168 (2000).

Sheppard filed a petition for post-conviction relief in the Hamilton County Common Pleas Court which was denied in its entirety. He appealed that denial to the First District Court of Appeals[3] which affirmed the denial. The Ohio Supreme Court declined appellate jurisdiction. Sheppard also filed an application for reopening under Ohio R. App. P. 26(B) to raise claims of ineffective assistance of appellate counsel. The First District denied the application as untimely. *State v. Sheppard*, Nos. C-950402, C-950744 (1st Dist. Oct. 2, 2000)(unreported; copy in Appendix in 1:00-cv-493.) The Ohio Supreme Court affirmed on the ground the 26(B) application lacked merit, and not on the timeliness issue. *State v. Sheppard*, 91 Ohio St. 3d 329 (2001). Sheppard's efforts to reopen his post-conviction proceedings were also unsuccessful.

---

[2] In August 1995, Ohio Governor George Voinovich signed into law Senate Bill 2. The law substantially overhauled felony sentencing in the state, and eliminated appeal to the intermediate court of appeals for death-sentenced defendants whose offense was committed prior to January 1, 1995, and requiring those cases in which the offense was committed on or after that date to be appealed directly to the Ohio Supreme Court. Ohio Rev. Code § 2953.07.

[3] The intermediate courts of appeals were not removed from the appellate process for post-conviction petitions in capital cases by the constitutional amendment referenced above.

*State v. Sheppard*, 92 Ohio St. 3d 1445 (2001).

Sheppard filed his first federal habeas corpus petition June 20, 2000 (*Sheppard v. Bagley*, Case No. 1:00-cv-493). That Petition was dismissed with prejudice March 4, 2009, with a certificate of appealability granted on Grounds for Relief One, Three, Four, Five, Seven, and Fifteen (Order, ECF No. 131, 132 in 1:00-cv-493). The Sixth Circuit affirmed that dismissal. *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied*, 567 U.S. 910 (June 11, 2012). While the case was pending before the Supreme Court, Sheppard filed a motion to reopen the judgment in light of *Martinez v. Ryan*, 566 U.S. 1 (2012). This Court's denial of that motion was affirmed. *Sheppard v. Bagley*, 807 F.3d 815 (6th Cir. 2015), *cert. denied sub nom. Sheppard v. Robinson*, 137 S. Ct. 1201, 197 L. Ed. 2d 245 (2017).

Sheppard filed the Petition in the instant case March 9, 2012 (ECF No. 2). The Court transferred the case to the Sixth Circuit for a determination of whether it was a second or successive habeas application (ECF No. 12), but the circuit court remanded the case, holding that determination of second-or-successive status had to be made in the first instance by the District Court. *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). To the same effect in a slightly later published opinion is *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012).

On remand Sheppard argued his Petition, although second-in-time, was not second-or-successive because it relied on a factual predicate that arose after his first petition was filed, to wit, the adoption by Ohio of a revised execution protocol on September 18, 2011 (Reply, ECF No. 11, PageID 68). The Magistrate Judge accepted that argument, concluding

> Sheppard's new claims arise from Ohio's adoption of a new execution protocol on September 18, 2011, after the Court of Appeals affirmed the dismissal of his prior petition. That set of facts fits squarely within the Sixth Circuit precedent cited above applying *Panetti* and *Martinez-Villareal* to varieties of later-arising or later-ripening claims other than competency to be executed. The

3

> Court should conclude that the instant Petition is not a second or successive petition within the meaning of § 2244(b) and proceed with its adjudication.

(ECF No. 19, PageID 237.) The published precedent referred to is *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010); *In re Salem*, 631 F.3d 809 (6th Cir. 2011); and *In re Bowen*, 436 F.3d 699 (6th Cir. 2006). District Judge Gregory Frost, to whom this case was then assigned, allowed the amendment but dismissed the Petition on the merits, granting a certificate of appealability on both pleaded grounds for relief (ECF No. 38).

However, the Sixth Circuit again remanded the case on Sheppard's motion. *Sheppard v. Robinson*, Case No. 13-3900 (6th Cir. Dec. 17, 2013)(unreported; copy at ECF No. 41). This Court understood the remand to be for further proceedings on Sheppard's method-of-execution challenges. Noting that Ohio had adopted a new execution protocol on October 10, 2013, and that the Court was then following the logic that habeas petitioners had newly-arising claims whenever the protocol was amended, the Court ordered Sheppard to file an amended or supplemental petition within sixty days of release of the report on the January 16, 2014, execution of Dennis McGuire (ECF No. 42).

After a number of extensions of time, Sheppard filed his Amended and Supplemental Petition on April 13, 2015 (ECF No. 59). Sheppard then sought Leave to File a Second Amended Petition (ECF Nos. 64, 70). The undersigned denied leave, but Judge Frost stayed briefing on appeal to him pending issuance of the mandate in *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016)("*Adams II*"), which he hoped would resolve the tension this Court had found between *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011)("*Adams I*"), and *Glossip v. Gross*, 135 S.Ct. 2726 (2015). Before the mandate was issued, Judge Frost retired and the case was reassigned to District Judge Timothy Black (ECF No. 81).

On January 12, 2017, Sheppard moved to file an amended petition "to address newly ripe claims under *Hurst v. Florida*" (ECF No. 82). After that motion was briefed, the undersigned determined that "[b]oth the claims in the original Petition . . . and the claims sought to be added by the Motion to Amend are new claims on which Sheppard may not proceed without permission from the Sixth Circuit under 28 U.S.C. 2244(b)" and ordered the case transferred to the Sixth Circuit for a determination under that statute (Transfer Order, ECF No. 86, PageID 1355-56). Sheppard requested a remand on the theory that the undersigned lacked authority to transfer the case. Without expressly discussing that argument, the Sixth Circuit remanded "for further filings and a ruling by the district court judge." *In re: Bobby Sheppard*, Case No. 17-3190 (6th Cir. Jun. 28, 2017)(unreported; copy at ECF No. 94). On remand, District Judge Black recommitted the matter to the undersigned (ECF No. 95) and the instant Motion followed.

Sheppard is also a plaintiff in the consolidated § 1983 case challenging Ohio's method(s) of execution. *In re: Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016.

**The Parties' Positions on the Motion to Amend**

Sheppard's proposed Second Amended and Supplemental Petition contains six Grounds for Relief (ECF No. 100-1). The First Ground for Relief is pleaded under the Eighth Amendment and asserts that any manner of execution available to Ohio will subject Sheppard to cruel and unusual punishment. *Id.* at PageID 1469-70. The Second Ground asserts the only manner available for Ohio to execute Sheppard violates the Due Process and Privileges or Immunities Clause of the Fourteenth Amendment. *Id.* at PageID 1470-71. The Third Ground for Relief asserts Ohio's manner of execution violates the Equal Protection Clause. *Id.* at PageID

5

1471-72. The Fourth Ground asserts Ohio's manner of execution "depends on state execution laws that are preempted by federal law," particularly the Food, Drugs, and Cosmetics Act and the Controlled Substances Act. *Id.* at PageID 1472-73. The Fifth and Sixth Grounds for Relief rely on the Supreme Court's decision in *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616 (2016). *Id.* at PageID 1474.

Sheppard argues first that his lethal injection invalidity claims (Grounds 1 through 4) are cognizable in habeas corpus in light of *Adams III* (Motion, ECF No. 100, PageID 1450-57). He also argues that *Hurst*, *supra*, applies to Ohio's capital punishment scheme generally and to his conviction and death sentence. *Id.* at PageID 1457-63.

The Warden responds that Sheppard's proposed lethal injection invalidity claims cannot be brought without circuit court permission, relying on *In re Tibbetts*, ___ F.3d ___, 2017 U.S. App. LEXIS 13664 (6th Cir. 2017). Regarding the *Hurst* claims, the Warden relies on *Campbell v. Jenkins*, 2017 U.S. Dist. LEXIS 130803 (S.D. Ohio, Aug. 17, 2017), which held that *Hurst* does not apply to Ohio's capital punishment scheme and in any event is not retroactively applicable to cases pending on collateral review (Memo in Opp., ECF No. 101).

Sheppard responds at length (Reply, ECF No. 102, PageID 1634-62). He first states that, unlike Tibbetts, he did not bring his lethal injection invalidity claims in his first habeas petition and this Court denied his post-appeal motion to reopen his first case on the grounds this second case would be "sufficient to protect Petitioner's interests." (Reply, ECF No. 102, PageID 1636.) He further asserts he could not have raised his lethal injection invalidity claims in his first petition "because he filed his initial petition before lethal injection became the primary method of execution in Ohio in 2001." *Id.*

Secondly, Sheppard argues his lethal injection invalidity claims are different from the

6

claims he has made in the § 1983 case, *In re: Ohio Injection Protocol Litig.* (2:11-cv-1016), because there he concedes that, with certain changes in the Execution Protocol, Ohio can constitutionally execute him, whereas in this habeas case he alleges Ohio can never execute him constitutionally using lethal injection, thus invalidating his conviction and sentence. *Id.* at PageID 1637-41.

Third, Sheppard rejects characterization of the original Petition here as presenting a second-or-successive habeas application because, he says, his judgment was constructively amended on November 21, 2001, when Ohio switched to exclusive use of lethal injection as compared to the alternative of electrocution when he was sentenced. *Id.* at 1641-50. He asserts the *Hurst* amendments are not second-or-successive because they rely on a factual predicate – the decision in *Hurst* – that occurred after his first petition was filed. *Id.* at 1650-60.

## Analysis

For the reasons that follow, the Magistrate Judge recommends the Court decide that the Petition and the instant Motion are a second-or-successive habeas corpus applications on which Sheppard cannot proceed in this Court without circuit court authorization under 28 U.S.C. § 2244(b).

District courts lack jurisdiction to decide habeas corpus applications that are second-or-successive. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). It is not just "petitions" under that label that count as second-or-successive. If a purported motion for relief from judgment attacks the conviction rather than the district court's judgment, it must be transferred to the circuit court for permission to file. *United States v.*

7

*Alford*, Case No. 11-4067 (6th Cir. Nov. 12, 2013)(unreported, copy at 3:00-cr-065, Doc. No. 156), citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).[4] In *Moreland v. Robinson*, 813 F.3d 315 (6th Cir. 2016), the court held that both a post-appeal Rule 60(b) motion and a motion to amend filed together were second-or-successive habeas applications. The court wrote:

> Moreland's motions were second or successive petitions for habeas corpus relief that the district court lacked jurisdiction to review. Claims may not be presented in a second or successive petition for habeas corpus relief without permission from this court. 28 U.S.C. § 2244(b)(3); *Gonzalez v. Crosby*, 545 U.S. 524, 528, 532, 538, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). Failure to obtain precertification for the filing of such a petition deprives the district court of jurisdiction to adjudicate the claims raised in such a petition. *Burton v. Stewart*, 549 U.S. 147, 149, 152-53, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam).
>
> Moreland's motions, although purportedly a Rule 60(b) motion and a post-judgment motion to amend, actually raise habeas claims. Rule 60(b) motions and motions to amend may not be used as vehicles to circumvent the limitations that Congress has placed upon the presentation of claims in a second or successive application for habeas relief. *Gonzalez*, 545 U.S. at 531-32; *Clark*, 764 F.3d at 658-59. Hence, when faced with what purports to be a Rule 60(b) motion or a motion to amend, federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise. *Gonzalez*, 545 U.S. at 530-31; *Clark*, 764 F.3d at 658-59. "[F]or the purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez*, 545 U.S. at 530. A § 2244(b) claim is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* A movant is not making a habeas claim when he seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits. *Id.* at 532 n.4. But he *is* making a habeas claim when he seeks to add a new ground for relief or seeks to present "new evidence in support of a claim already litigated." *Id.* at 531-32.

---

[4] Although the Sixth Circuit affirmed this Court's denial of Sheppard's post-appeal Rule 60(b) motion, it reiterated the rule that 60(b) motions that raise new claims are second or successive habeas applications. *Sheppard v. Robinson, supra,* at 819.

813 F.3d at 322-23.

The risks of mistake in deciding erroneously that a petition or motion to amend is not second-or-successive are grave for a District Court or the Warden, but present no risk for a capital habeas petitioner. Capital habeas cases regularly require years to adjudicate; witness Sheppard's first petition which pended in this Court for nine years. If the Court adjudicates claim over which it has no jurisdiction, it will have wasted those years. For the death row inmate, however, the risk of delay is minimal and the incentive to delay is great. As courts of limited jurisdiction, federal courts must be especially careful not to exercise jurisdiction they do not have. See *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908).

There is no doubt that the instant Petition is Sheppard's second-in-time. Sheppard is correct, however, that not every second-in-time habeas petition counts as second-or-successive, but his Petition and Motion to Amend do not come within any of the exceptions on which he relies.

Sheppard's first argument that he could not have made his lethal injection invalidity claims in his first habeas case is disingenuous at best. Lethal injection has been an available method of execution in Ohio since 1993 and thus could have been challenged in 2000 when the initial case was filed. Lethal injection became the sole method of execution in November 2001[5] and Sheppard could have moved to amend at that time or any time in the next eight years while his first petition was pending here. Likewise, Sheppard's reliance on this Court's statement in denying his 60(b) motion that he could protect his interests in this case is unavailing. This Court cannot create jurisdiction to decide second-or-successive claims in a new case by denying what

---

[5] John Byrd, whose case was then pending in this Court on remand from the Sixth Circuit, taunted the Ohio General Assembly by threatening to choose electrocution. The legislature then eliminated the choice.

was already a second-or-successive application under the analysis in *Moreland*, *supra*.[6]

The Court agrees that Sheppard's lethal injection invalidity claims are different[7] from the claims he has made and will probably make again in the Omnibus Fourth Amended Complaint in the Protocol Case when that document is filed September 22, 2017. In *Adams III* the Sixth Circuit has continued to find habeas corpus lethal injection invalidity claims, if properly pleaded, are cognizable in habeas rather than only under 42 U.S.C. § 1983. But, hopefully obviously, the fact that a claim may be cognizable in habeas does not permit its filing in a second-or-successive application without circuit court approval.

Sheppard's third argument that his judgment of conviction was constructively amended in November 2001 when electrocution was discarded by the State relies on *Magwood v. Patterson*, 561 U.S. 320 (2010), and *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015), both of which hold that a habeas petition challenging a new or amended judgment in the same case in which a prior petition was filed is not second-or-successive. Sheppard points to no authority adopting or supporting his "constructive" amendment theory; certainly *Magwood* and *King* do not discuss any such possibility. Accepting this argument is likely to create more litigation, for example, to litigate the question whether the judgment is constructively amended every time the Execution Protocol is changed. Requiring an ink-on-paper new or amended judgment allows the federal court to look to something objective outside the control of counsel.

Ohio capital petitioner Douglas Coley filed a second-in-time habeas petition in the Northern District of Ohio also raising *Hurst* claims. In *In re Coley*, ___ F.3d ___, 2017 U.S. App. LEXIS 17516 (6th Cir. Sept. 11, 2017), the Sixth Circuit found the new petition was second-or-successive. Coley was unable to avoid the requirement for circuit court permission by

---

[6] The *Moreland* decision was published after this Court denied Sheppard's 60(b) motion.
[7] The Magistrate Judge offers no opinion on whether the proposed lethal injection invalidity claims state a claim for relief in habeas. To do so would be to adjudicate the Motion to Amend, which this Court lacks jurisdiction to do under *Moreland*.

10

arguing he was relying on a rule or on a "factual predicate" that did not exist while his first petition was pending.

*Coley* is fatal to several arguments Sheppard and other capital habeas petitioners have made to avoid the second-or-successive bar. Thus amendments to Ohio's Execution Protocol do not give rise to a new non-successive habeas claim because they present a "newly-arising factual predicate." Nor are they excepted from the second-or-successive rule because their filing is not an "abuse of the writ."

**Conclusion**

The District Judge should conclude both the original Petition in this case and the pending Motion to Amend are second-or-successive habeas applications and transfer them to the Sixth Circuit for a determination under 28 U.S.C. § 2244(b) of whether Sheppard may proceed on either of them. *In re Sims*, *supra*.

September 15, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).