# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

          Petitioner,

        -vs-

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

          Respondent.

:

:

:

:

Case No. 1:12-cv-198

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This capital habeas corpus case is before the Court on Petitioner's Objections ("Objections," ECF No. 104) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 103) on remand from the Sixth Circuit. District Judge Black has recommitted the matter for reconsideration in light of the Objections (ECF No. 105). The Warden has not responded to the Objections and her time to do so has expired.

The question before the Court is whether Sheppard's Petition (ECF No. 2) and his Motion to Leave to Amend (ECF No. 100) are second-or-successive habeas applications which require permission from the circuit court under 28 U.S.C. § 2244(b) before this Court has jurisdiction to proceed. The Report concluded that both the Petition and the Motion must be transferred. As Petitioner correctly notes (ECF No. 104, PageID 1682), this conclusion is subject to *de novo* review by the District Judge.

**Objection One:  The District Judge has Already Ruled that the Petition is Not Second or Successive**

Sheppard's First Objection is that "the District Judge has already ruled Sheppard's pending claims are not second-or-successive."  (Objections, ECF No. 104, PageID 1683.)  That Objection must be viewed in light of the procedural history.  Sheppard relies on this Court's first ruling on the second-or-successive question.  In language quoted in the Objections (ECF No. 104, PageID 1683), the Magistrate Judge recommended finding the original Petition was not second-or-successive

> As presently pled, Sheppard's new claims arise from Ohio's adoption of a new execution protocol on September 18, 2011, after the Court of Appeals affirmed the dismissal of his prior petition. That set of facts fits squarely within the Sixth Circuit precedent cited above applying *Panetti* and *Martinez-Villareal* to varieties of later-arising or later-ripening claims other than competency to be executed. The Court should conclude that the instant Petition is not a second or successive petition within the meaning of § 2244(b) and proceed with its adjudication.

(Report, ECF No. 19, PageID 237.)  Judge Frost adopted that logic and held "a numerically second petition is not properly characterized as 'second or successive' within the reach of § 2244(b) if it asserts claims with predicates that arose after the filing of the original petition." (Opinion, ECF No. 35, PageID 361.)  He noted the Sixth Circuit's holding that the statute of limitations for a § 1983 method-of-execution challenge "begins anew any time Ohio adopts a new written protocol" and held the same reasoning applies in habeas.  *Id.*  at PageID 362, citing *Cooey v. Strickland*, 604 F.3d 939, 942 (6th Cir. 2010).  Relying on *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011),[1] he held Sheppard could proceed in both habeas and § 1983 on his lethal injection invalidity claims.  *Id.* at PageID 364.  As has often been the case in capital

---

1 There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case:  *Adams v. Bradshaw*, 644 F.3d 481, 483 (6thCir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), *cert. den. sub. nom. Adams v. Jenkins*, 137 S. Ct. 814, 106 L. Ed. 2d 602 (2017), referred to herein as *Adams I, Adams II*, and *Adams III* respectively.

litigation in this Court, the second-or-successive, statute of limitations, and cognizability in habeas issues became entwined. Sheppard and *other* capital habeas petitioners argued they had "newly-arising" claims based on amendments to the Execution Protocol; the "factual predicate" of the amendment, they said, made new claims not subject to the second-or-successive bar.

Sheppard argues that "[t]he District Judge's ruling that Sheppard's petition is not second-or-successive is the law of the case." (Objections, ECF No. 104, PageID 1684, citing *Howe v. City of Akron*, 801 F.3d 739 (6th Cir. 2015)). Prior rulings should not be disturbed "unless there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice." *Id.*, citing *Howe* at 741.

Sheppard's "law of the case" argument ignores significant changes in the law since the 2012-13 decisions relied on.

First, in *In re Tibbetts*, 869 F.3d 403 (6th Cir. 2017), the Sixth Circuit rejected the notion that a new execution protocol is a "newly arising factual predicate" that entitles a habeas petitioner to amend without surmounting the second-or-successive hurdle. This is controlling authority completely at odds with the understanding on which the undersigned and Judge Frost based their decisions in 2012-13. *Tibbetts* also rejects Sheppard's assertion that the two claims he seeks to add under *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616 (2016), are "newly arising" because *Hurst* was decided after he filed his first habeas case.

Second, in *Moreland v. Robinson*, 813 F.3d 315 (6th Cir. 2016), the Sixth Circuit expressly held a motion to amend to add a new claim is itself a second-or-successive habeas application which requires permission from the circuit court before the District Court has jurisdiction to proceed.

Third, *Hurst*, on which Sheppard's Fifth and Sixth proposed grounds for relief depends,

does not apply retroactively on collateral review because the Supreme Court has not made it retroactive and a claim depending on *Hurst* cannot escape classification as second-or-successive because *Hurst* was not decided while Sheppard's first habeas case was pending. *In re Coley*, ___ F.3d ___, 2017 U.S. App. LEXIS 17516 (6th Cir. Sept. 11, 2017).

Thus the law of the case doctrine does not support finding Sheppard's original Petition or his Motion to Amend are not second-or-successive.


**Objection Two:  This Case Attacks a Different Judgment than the First Case**


Under *Magwood v. Patterson*, 561 U.S. 320 (2010),  and *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015), a second-in-time habeas application escapes the second-or-successive bar if it attacks a different judgment than the first application, even if the new judgment is entered on the same underlying conviction.  While no court has entered a new judgment on Sheppard's underlying conviction, he claims his judgment was "constructively amended" when Ohio switched in 2001 to the exclusive use of lethal injection for executions.  Although Sheppard argues this point at length, he presents no precedent from this or other circuits finding that a "constructive" amendment of a judgment will avoid the second-or-successive bar. His argument by analogy to amendment of indictments is unpersuasive because there is a constitutional right to be indicted by a grand jury, but no constitutional right not to have the legislature change the method of execution.

**Objection Three:  This Case Is Not an Abuse of the Writ**

The Report does not characterize this case as an "abuse of the writ," but does conclude Sheppard could have made lethal-injection-invalidity claims in his first case after Ohio made lethal injection the exclusive method of execution.  Sheppard says he tried, but this Court rebuffed his motion to amend (Objections, ECF No. 104, PageID 1696).  He neglects to mention that his motion to amend was made post-judgment and this Court's denial was upheld on appeal. He made no attempt to amend to add lethal injection invalidity claims between the time lethal injection became exclusive (November 2001) and final judgment in his first case (March 2009).

**Objection Four:  *Coley* Is Distinguishable**

The Report concluded that *Coley*, *supra*, was controlling precedent fatal to a number of Sheppard's arguments.  Sheppard faults the Magistrate Judge for not sufficiently explaining which of his arguments *Coley* undercuts (Objections, ECF No. 104, PageID 1698).

In *Coley* the Sixth Circuit held that *Hurst* does not apply retroactively on collateral review.  That necessarily implies *Hurst* is not available in this case to attack collaterally a judgment entered many years before *Hurst* was decided.  Nor was Coley able to escape the second-or-successive classification by saying his claim depends on *Hurst* which was not decided while his first habeas application was pending.  That is fatal to Sheppard's argument that his *Hurst* claim newly arose when *Hurst* was decided and is thus not second-or-successive.

**Risks of Error**


Despite filing twenty-eight pages of Objections, Sheppard makes no comment on the Report's observation that the risks of error in deciding a second-or-successive issue is "grave for a District Court or the Warden, but present no risk for a capital habeas petitioner." (Report, ECF No. 103, PageID 1671.) If this Court decides this case is not second-or-successive and the Court of Appeals later decides we were wrong, we will have wasted years adjudicating a case over which we did not have jurisdiction. *Burton v. Stewart*, 549 U.S. 147 (2007). If, on the other hand, we decide this case is second-or-successive, the Sixth Circuit on transfer will quickly correct our error and we can proceed. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re: Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017). This Court should err on the side of caution in exercising jurisdiction we may later be told we did not have. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).


October 16, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).