# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

:

      Petitioner,                              Case No. 1:12-cv-198

:             District Judge Timothy S. Black

    -vs-                             Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional Institution,

:

      Respondent.

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY

---

This capital habeas corpus case is before the Court on Petitioner's Unopposed Motion to Stay the Deadline to Object to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 108).

This is Mr. Sheppard's second-in-time habeas challenge to his capital conviction. The Magistrate Judge has concluded that both the Petition and Sheppard's Motion for Leave to File a Second Amended and Supplemental Petition (ECF No. 100) are second-or-successive habeas applications which require the permission of the circuit court to proceed. (See Report and Recommendations, ECF No. 103, and Supplemental Report and Recommendations, ECF No. 106.) Petitioner's deadline for objecting to the Supplemental Report was extended to November 6, 2017.

Petitioner now seeks to have the deadline stayed until fourteen days after the Supreme Court of the United States denies a writ of certiorari to review *In re Campbell,* ___ F.3d ___,

2017 U.S. App. LEXIS 21094 (6th Cir. Oct. 25, 2017), or, if the Court grants certiorari, until it decides the case. Under the Supreme Court Rules of Practice, the petition for certiorari is due January 23, 2018, and it is not uncommon for the Circuit Justice to grant extensions of time to file. If that filing happens late enough in the term, a decision on certiorari might not be filed until the beginning of the next term, nearly a year from now. On the other hand, Mr. Campbell is set to be executed November 15, 2017. Unless the Supreme Court grants a stay of execution based on the petition for certiorari or the Sixth Circuit grants a stay of execution pending its review of this Court's decision denying preliminary injunctive relief, Mr. Campbell's execution will moot his cases.

Because certiorari review is not a matter of right and is refused in the vast majority of cases in which it is sought, the Court declines to accept Petitioner's view that the Sixth Circuit decision in *Campbell* is not final. The Court was previously beguiled by that argument into granting a number of extensions of time in excess of one year while we waited to see if the Supreme Court would clarify the relationship of habeas and § 1983 litigation by granting certiorari in *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016), and explaining how or if *Adams* was consistent with *Glossip v. Gross,* 135 S. Ct. 2726 (2015). It was not to be and the Court will not again put much of its docket on hold by waiting on certiorari that is unlikely to come.

Accordingly, Petitioner's deadline to file objections to the Supplemental Report and Recommendations is stayed until the latest of (1) fourteen days following Alva Campbell's execution, (2) fourteen days after the expiration of any stay granted by the Sixth Circuit, or (3) fourteen days after the expiration of any stay granted by the Supreme Court of the United States or any Justice thereof. This Order is subject to *sua sponte* revision if it becomes clear to the Court that it is delaying consideration without some intervention by a higher court.

IT IS SO ORDERED.


November 3, 2017,


s/ *Michael R. Merz*
United States Magistrate Judge