# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

    Petitioner,

    -vs-

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional Institution,

    Respondent.

:

:

:

:

Case No. 1:12-cv-198

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

# DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SET DEADLINE

This capital habeas corpus case is before the Court on Petitioner's Unopposed Motion to Set a Date Certain Deadline to Object to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 110).

The Supplemental Report to which Petitioner intends to object was filed October 16, 2017 (ECF No. 106). Under Fed. R. Civ. P. 72, objections were due October 30, 2017. That date was extended to November 6, 2017, on Petitioner's unopposed motion (ECF No. 107). Then, given the litigation surrounding the impending execution of Alva Campbell, the Court, again on Petitioner's unopposed motion, set the deadline for objections at "the latest of (1) fourteen days following Alva Campbell's execution, (2) fourteen days after the expiration of any stay granted by the Sixth Circuit, or (3) fourteen days after the expiration of any stay granted by the Supreme Court of the United States or any Justice thereof.." (ECF No. 109, PageID 1722.) Petitioner's Motion had only been granted in part; the Order doing so cautions that it is "subject

1

to *sua sponte* revision if it becomes clear to the Court that it is delaying consideration without some intervention by a higher court." *Id.* .

Mr. Campbell was not executed on the scheduled date, November 15, 2017. As the Magistrate Judge now understands it, his execution was stopped by ODRC Director Gary Mohr and then Governor Kasich reprieved him until June 5, 2019. His execution was not stayed by either the Sixth Circuit Court of Appeals or by the Supreme Court of the United States. Indeed, he did not appeal from the denial of preliminary injunctive relief in *In re: Ohio Execution Protocol Litig. (Campbell & Tibbetts),* 2017 U.S. Dist. LEXIS 182406 (S.D. Ohio Nov. 3, 2017), until November 21, 2017, six days after Mr. Campbell would have been executed if the State had been successful.

Since the Court's prior Order, literally construed, would not require the objections to be filed until June 19, 2019 (assuming Mr. Campbell is executed on the date now set) or ever (should Mr. Campbell die of one of the serious illnesses he suffers before he is executed), the prior Order must be replaced.

However, Petitioner Sheppard has not shown good cause for a delay until January 29, 2018, the date now sought (see ECF No. 110, PageID 1724). He pleads a variety of counsel scheduling conflicts, but many of them are of counsel's own making. For example, no appeal was taken from the *Campbell/Tibbetts* order until eighteen days after it was entered and then it was Plaintiffs' counsel who first moved to expedite the briefing schedule.

This second-in-time habeas corpus case was filed March 8, 2012, close to six years ago. And yet this Court still lacks a decision from the Sixth Circuit on whether or not it may proceed to adjudicate the case. Six years is double the amount of time counted as presumptive overage under the Civil Justice Reform Act. Of course death is different, but it should not take six years

to get the Court's jurisdiction clarified.

Accordingly, the Motion is GRANTED IN PART and Petitioner's time to object is EXTENDED to and including January 10, 2018.

November 30, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge