# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

:

    Petitioner,

Case No. 1:12-cv-198

:

    -vs-

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional Institution,

:

    Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Objections ("Objections," ECF No. 112) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 106) on remand from the Sixth Circuit. District Judge Black has recommitted the matter for reconsideration in light of the Objections (ECF No. 113).

The question before the Court is whether Sheppard's Petition (ECF No. 2) and his Motion to File a Second Amended and Supplemental Petition (ECF No. 100) are second-or-successive habeas applications which require permission from the circuit court under 28 U.S.C. § 2244(b) before this Court has jurisdiction to proceed. The original Report and Recommendations on this question ("Original Report," ECF No. 103) concluded that both the Petition and the Motion must be transferred to the Sixth Circuit. The Supplemental Report reached the same conclusion after reconsideration in light of Petitioner's first set of Objections (ECF No. 104).

1

Sheppard raises five objections to the Supplemental Report which will be considered seriatim.

**Objection One: The District Judge's ruling that Sheppard's claims are not second-or-successive has not been subject to an intervening change in law.**

Sheppard first objects that the law of the case bars a second-or-successive conclusion now because there has not been a material change in the law since the prior ruling in 2013.

When this case was initially filed, it was assigned to District Judge Gregory Frost and the undersigned Magistrate Judge because both of them had been assigned Sheppard's first habeas case attacking his aggravated murder conviction and death sentence, Case No. 1:00-cv-493. That case ended in denial of habeas relief. *Sheppard v. Bagley*, 604 F. Supp. 2d 1003 (S.D. Ohio Mar. 4, 2009), *aff'd,* 657 F.3d 38 (6th Cir. 2011); *cert denied sub nom. Sheppard v. Robinson*, 567 U.S. 910 (2012). Sheppard's effort to reopen that case in light of *Martinez v. Ryan*, 566 U.S. 1 (2012), was also unsuccessful. *Sheppard v. Robinson,* 2013 U.S. Dist. LEXIS 5565 (S.D. Ohio Jan. 14, 2013), aff'd., 807 F.3d 815 (6th Cir. 2015), *cert. denied*, 137 S.Ct. 1201 (2017).

Sheppard filed this second-in-time habeas petition March 9, 2012, pleading that his execution under Ohio's then extant (as of September 18, 2011) lethal injection protocol would violate his Eighth Amendment and Equal Protection rights (ECF No. 2). Over the State's objection, Judge Frost ruled that the petition was not second-or-successive because Sheppard's claims were "newly-arising" when the 2011 protocol was adopted (ECF No. 35, PageID 360-62). This is the prior law that Sheppard says remains the controlling law of the case and has not been changed by intervening decisions (See Objections, ECF No. 112, PageID 1736, citing ECF No. 35). The Magistrate Judge respectfully disagrees.

The Report and Supplemental Report rely on *In re Tibbetts*, 869 F.3d 403 (6th Cir. 2017), cert. denied, 2018 U.S. LEXIS 287 (Jan. 8, 2018), and *Moreland v. Robinson*, 813 F.3d 315 (6th Cir. 2016), as significant changes in the applicable decisional law since 2013.

*Tibbetts* was before the Sixth Circuit on a transfer order from this Court determining that Tibbetts' second-in-time habeas petition was second-or-successive. He filed a motion to remand "arguing that his second habeas petition is not second or successive because his new claims were unripe when he filed his initial habeas petition." 869 F.3d at 405. The circuit court found that Tibbetts had made a general challenge to execution by lethal injection in his first petition "and he has not identified practices or procedures from the October 2013 or November 2016 protocols or such other circumstances as would render his instant challenge to the validity of his sentence newly ripe." *Id.* at 408 (internal quotation marks omitted).

The Objections attempt to distinguish *Tibbetts* on the ground that Tibbetts challenged a "particular procedure" for execution whereas Sheppard's "is a challenge to Ohio's ability to execute him in a constitutional manner under any method permitted by Ohio law." (Objections, ECF No. 112, PageID 1737.) That distinction is incorrect. A comparison of Sheppard's four proposed lethal injection invalidity claims with those made by Tibbetts shows them to be substantively identical (Compare, Raymond Tibbetts Proposed Amended Petition, Case No. 1:14-cv-602, ECF No. 57-1, with Sheppard's Proposed Second Amended and Supplemental Petition, ECF No. 100-1). Sheppard's purported distinction, made by at least one of the same attorneys who represents Tibbetts, is disingenuous at best. Tibbetts certainly stands for the proposition that claims under new Ohio execution protocols are not "newly arising" so as to avoid the second-or-successive bar.

In *Moreland v. Robinson*, 813 F. 3d 315 (6th Cir. 2016), the Sixth Circuit affirmed this

Court's denial of Moreland's motions for relief from judgment and to amend his original habeas petition, despite finding this Court lacked jurisdiction to decide the motions because they were in effect second-or-successive habeas applications. Sheppard attempts to distinguish *Moreland* in that the circuit recognized there can be post-judgment motions to amend in habeas that are not second-or-successive, i.e., when made after judgment but before the time for appeal has run. *Id.* at 321, citing *Clark v. United States*, 764 F.3d 653 (6th Cir. 2014). Sheppard's counsel write: "Here, there is no dispute that Sheppard is moving to amend a petition he hasn't lost on the merits, let alone exhausted appellate remedies." (Objections, ECF No. 112, PageID 1738). This is less persuasive than the purported *Tibbetts* distinction. Sheppard is not trying to amend his first habeas petition post-judgment as Moreland was. Instead, he is trying to avoid that process by filing an entirely new petition.[1]

While *Tibbetts* and *Moreland* are important changes in the relevant law since 2013, even more significant is *In re Campbell,* 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 199 L. Ed. 2d 350 (2017). *Campbell* was decided October 26, 2017, nine days after the Supplemental Report was filed and therefore not discussed in that document.

*Campbell*, like *Tibbetts*, was before the Sixth Circuit on a transfer order from this Court upon a finding that Campbell's second-in-time petition was second-or-successive and that he needed permission to proceed under 28 U.S.C. § 2244(b). As they had done in *Tibbetts*, Campbell's lawyers moved to remand on their claim the petition was not second-or-successive. The Sixth Circuit denied remand. It held Campbell's petition was indeed second-or-successive and ultimately dismissed his petition because his claims were not cognizable in habeas, but only in a § 1983 case. 874 F.3d at 467.[2]

---

[1] Note that Sheppard also tried the 60(b) route, albeit unsuccessfully.
[2] As the Sixth Circuit recognized, Campbell had brought such a § 1983 proceeding which was being heard on

4

In *Campbell* the Sixth Circuit distinguished the *Adams v. Bradshaw* opinions[3] under which this Court had been allowing lethal injection invalidity claims to be pleaded in habeas corpus. But Sheppard objects that "[n]othing has changed the fact that Sheppard's lethal injection claims remain cognizable under *Adams I*." (Objections, ECF No. 112, PageID 1739.) Sheppard reaches this conclusion by discounting the *Campbell* court's discussion of *Adams III*. *Id.* In *Campbell* the Sixth Circuit concluded the relevant language in *Adams III* relied on by this Court to allow lethal injection invalidity claims after *Glossip v. Gross,* 135 S.Ct. 2726 (2015), was dictum and therefore not binding on the *Campbell* panel. 874 F.3d at 463-64.

Not so, says, Sheppard: because *Adams III* is published, *Campbell* cannot overrule it (Objections, ECF No. 112, PageID 1739), relying on well-settled Sixth Circuit precedent to the effect that a subsequent panel of the circuit court cannot overruled the published decision of a prior panel.

Sheppard's statement of this rule is far too broad. It is true that a later panel cannot overrule the **holding** of a prior panel in a published opinion. But that is not what the *Campbell* panel purported to do. Instead, it characterized the language this Court had been treating as controlling to be instead dictum and therefore not binding. As a matter of academic jurisprudence, what constitutes holding and what constitutes dictum in a court opinion is a much mooted question. But we do not read *Campbell* in an academic setting. As a court controlled by the published decisions of the Sixth Circuit, we are bound to treat what it declares to be dictum in a prior opinion as being dictum. *Campbell* is published. No *en banc* Sixth Circuit decision or

---

preliminary injunction the very week *Campbell* was handed down. Campbell did not prevail in that hearing and he did not appeal before his scheduled November 15, 2017, execution date. However, that execution was halted in process by ODRC Director Gary Mohr and Campbell has since appealed to the Sixth Circuit. The case is pending at Sixth Circuit Case No. 17-4221.

[3] There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), *cert. den. sub nom. Adams v. Jenkins*, 137 S.Ct. 814, 106 L. Ed. 2d 602 (2017), referred to herein as *Adams I, Adams II*, and *Adams III*, respectively.

Supreme Court decision tells us that it is wrong.[4] Our place is to obey.

There is potentially a serious price for disobedience. If this Court were to find the instant petition and motion to amend were not second-or-successive habeas applications and proceeded to decide them on the merits after however many thousands of pages of evidence and briefing were filed on the merits, we would be subject to being told after all that work that we did not have jurisdiction. Unquestionably, district courts do not have jurisdiction to decide second-or-successive habeas applications on the merits. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). Indeed, the Supreme Court has recently reinforced the importance of deciding jurisdictional questions first in habeas cases. *Buck v. Davis*, 580 U.S. ___, 137 S.Ct. 759, 197 L. Ed. 2d 1 (2017). On the other hand, if the panel to which this case is transferred decides the petition is not second-or-successive and states cognizable claims, it will quickly tell us so and we can proceed with that assurance.

Sheppard next argues that *Campbell* does not impact his "statutory claim"[5] set out in his Fourth Ground for Relief (Objections, ECF No. 112, PageID 1746-47). In *Turner v. Hudson*, 2017 U.S. Dist. LEXIS 202425 (S.D. Ohio Dec. 8, 2017), and *Bays v. Warden*, 2017 U.S. Dist. LEXIS 200400 (S.D. Ohio Dec. 6, 2017), the undersigned rejected this argument, noting that "[a]lthough *Campbell* only expressly addressed Eighth Amendment claims, its logic [method of execution claims, per *Glossip*, must be brought in a § 1983 case] is fully applicable to the statutory fundamental defect claim." *Turner*, 2017 U.S. Dist. LEXIS 202425 at *9-10, *quoting Bays*, 2017 U.S. Dist. LEXIS 200400 at *22 (internal quotation marks omitted).

---

[4] Indeed, the Supreme Court passed up a chance to tell us *Campbell* was wrong when it denied certiorari.
[5] As pleaded, this is not a simple claim that Ohio executions violate a federal statute, but that the relevant federal statutes preempt Ohio execution law and executions are therefore forbidden by the Supremacy Clause.

**Objection Two: Sheppard's Petition challenges a "new judgment" and is therefore not second-or-successive.**

The appellate courts have recognized that a new judgment in a criminal case re-sets the counter in habeas corpus and allows a fresh attack on a conviction. See *Magwood v. Patterson*, 561 U.S. 320 (2010); *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015); *In re Stansell*, 828 F.3d 412 (6th Cir. 2016). Sheppard attempts to come within this doctrine by arguing that his sentencing judgment was constructively modified when Ohio changed from a choice between electrocution and lethal injection to prescribe lethal injection alone. Sheppard's counsel wrote:

> Here, Sheppard's claims are not second-or-successive under the *Magwood/King* rule because they attack a constructively amended (modified) sentencing judgment that is necessarily different from the judgment at issue in Sheppard's initial habeas corpus petition. Sheppard's sentencing judgment was entered on May 30, 1995. *Sheppard v. Bagley*, No. 1:00-cv-493, Return of Writ, App'x Vol. 1, p.397. As discussed above, a death sentence under Ohio law at that time was automatically a sentence of death by electrocution; death by lethal-injection was only applicable to Sheppard if he affirmatively chose lethal injection as his manner of execution one week before his scheduled date of execution. *See* 1993 Ohio HB 571 (enacting, on July 7, 1994, Ohio Revised Code § 2949.22 that was in effect on May 30, 1995). Sheppard filed his initial federal habeas petition on June 20, 2000. At the time he filed his initial petition, therefore, Sheppard was still subject to a judgment that necessarily mandated his execution by electrocution absent Sheppard choosing otherwise.
>
> More than a year later, on November 21, 2001, Ohio changed its execution law, abolishing electrocution as a lawful manner of execution in this state. Because Sheppard did not affirmatively choose lethal injection pursuant to the law under which he was sentenced, Ohio's change of law created only two possible scenarios regarding Sheppard's judgment[: either it was not modified but is impossible because electrocution has been eliminated, or it was constructively amended by the Ohio General Assembly's actions.]

(Reply, ECF No. 102, PageID 1643-44.) The Magistrate Judge rejected this "constructive amendment" theory in the Original Report (ECF No. 103, PageID 1672) and the Supplemental Report (ECF No. 106, PageID 1707). Although the current Objections re-argue this point, Sheppard still cites no decision by any court which has accepted this constructive amendment extension of *Magwood* (ECF No. 112, PageID 1747-51).

The Objections criticize the Supplemental Report for not addressing the asserted analogy between constructive amendment of the pleadings in a civil case to include matters tried by consent and the constructive amendment proposed here, asserting the Warden "has at least implicitly conceded that the sentencing judgment at issue here is different from the May 30, 1995 judgment." (ECF No. 112, PageID 1750.) The Magistrate Judge is unaware of any such concession and no record reference is given to support it. But even if Sheppard is arguably correct, the prudent course for this Court is to transfer the case to the Sixth Circuit to allow it to consider this argument before this Court expends considerable resources to litigate the Petition, an expense that would be in vain if the circuit court eventually found we had no jurisdiction.

**Objection Three: Sheppard Could Not Have Raised his Lethal-Injection-Invalidity Claims in his First Case.**

In the Supplemental Report, the Magistrate Judge concluded "Sheppard could have made lethal-injection-invalidity claims in his first case after Ohio made lethal injection the exclusive method of execution." (ECF No. 106, PageID 1708.) Sheppard objects that "many of the factual predicates on which he relies simply did not exist when his first petition was litigated," citing examples of changes in the protocol and how it "operates in the real world." (Objections, ECF No. 112, PageID 1751.) While that is true, it is immaterial. Sheppard does not have an

execution date and the "real world" data about how the State of Ohio will execute him is likely to change many times before that day comes.

Sheppard is a plaintiff in *In re Ohio Execution Protocol Litig*. Case No. 2:11-cv-1016 (the "Protocol Case"), an action under 42 U.S.C. § 1983 pending in this Court (under that or prior case numbers) since shortly after the Supreme Court decided that method of execution claims could be pleaded under § 1983. *See Nelson v. Campbell,* 541 U.S. 637 (2004). As the Sixth Circuit pointed out in *In re Campbell, supra*, civil rights injunctive actions are ideally suited to deal with ongoing changes in government activity that are alleged to be unconstitutional. Such an action is forward-looking, both in terms and discovery and in terms of relief. Why then do Sheppard's counsel insist on litigating in both fora? Can the motive be anything other than delay?

**Objection Four: Sheppard's Claim under *Hurst v. Florida*, 577 U.S. \_\_\_, 136 S.Ct. 616 (2016), Are Not Barred by *In re Coley*, 871 F.3d 455 (6th Cir. 2017.)**

In addition to his lethal injection invalidity claims, Sheppard seeks to add Grounds Five and Six to plead claims for relief under *Hurst v. Florida*, 577 U.S. \_\_\_, 136 S.Ct. 616 (2016), which relate to his right to trial by jury.

In the Original and Supplemental Reports, the Magistrate Judge found these *Hurst* claims were barred by *In re Coley*, 871 F.3d 455 (6th Cir. 2017)(ECF No. 103, PageID 1672-73, ECF No. 106, PageID 1707). Sheppard says *Coley* is of "limited relevance" because he is not seeking permission to proceed on a second-or-successive habeas application in that he denies this Petition is second or successive (Objections, ECF No. 112, PageID 1752). Of course, whether the Petition and Motion to Amend are second-or-successive applications is one of the questions

9

before this Court.

Sheppard then argues that the second-or-successive provisions of the AEDPA in 28 U.S.C. § 2244(b)(2)(A) – which requires a petitioner to show retroactivity of a new Supreme Court rule – are inconsistent with the retroactivity analysis of *Teague v. Lane*, 489 U.S. 288 (1989), which requires the State to plead non-retroactivity as an affirmative defense or forfeit it. But, says Sheppard, since the *Teague* approach to retroactivity is constitutionally mandated, *Teague* makes § 2244(b)(2) unconstitutional. Consequently, "[t]he Court can avoid this constitutional problem by allowing Sheppard to proceed with his claims now as a second-in-time petition." (Objections, ECF No. 112, PageID 1758).

Most of the legal inferences in this argument are unsupported by holdings of any appellate court. What is not in doubt is that if this Court adopts Sheppard's theory now and it is then repudiated by the circuit court after litigating this case for however long it takes, the Court will have wasted a great deal of time deciding issues over which it may not have jurisdiction. The prudent course is to allow Sheppard an immediate opportunity to present his theories to the Sixth Circuit by transferring the case.

Applying the *Teague* retroactivity analysis to this case, the Magistrate Judge concludes that *Hurst* is not to be applied retroactively to cases, such as this, on collateral review. *Hurst* did not adopt a new substantive constitutional rule and the procedural change it mandates it not a "watershed" change. Every judge of this Court who has considered the issue has found *Hurst* is not to be applied retroactively. See *Smith v. Pineda*, 2017 WL 631410 (S.D. Ohio Feb. 16, 2017)(Merz, M.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 21946 (S.D. Ohio Feb. 15, 2017)(Merz, M.J.); *Gapen v. Robinson*, 2017 U.S. Dist. LEXIS 130755 (S.D. Ohio Aug. 15, 2017)(Rice, D.J.); *Davis v. Bobby,* 2017 U.S. Dist. LEXIS 157948 (S.D. Ohio Sep. 25,

2017)(Sargus, Ch. J.); *Lindsey v. Jenkins*, Case No. 1:03-cv-702 (S.D. Ohio Sep. 25, 2017)(Sargus, Ch. J.); *Myers v. Bagley*, Case No. 3:04-cv-174 (S.D. Ohio Sep. 12,2017)(Marbley, D.J.)(unreported; available in that case at ECF No. 126); and *Robb v. Ishee*, Case No. 2:02-cv-535 (S.D. Ohio Sep. 12, 2017)(unreported; available in that case at ECF No. 213). Of course, the decisions of one district judge do not bind other judges of the same court, but they should be considered since we are all colleagues engaged in the enterprise of making sense of the same body of law.

**Objection Five: Although Sheppard Need Not Show Prejudice in Opposing Transfer, in Fact He Will Be Prejudiced by a Transfer By Being Forced to Commit Perjury.**

Finally, Sheppard objects that he will suffer great prejudice from transfer because he would be required to sign the Sixth Circuit's form for seeking permission to proceed on a second-or-successive petition and he cannot do so without committing perjury (Objections, ECF No. 112, PageID 1759).

Sheppard's argument is that he would have to sign a form stating that he is seeking permission to proceed on a second-or-successive habeas and that is not true since he does not concede that his petition is second-or-successive. The form in question actually provides for this contingency, stating:

> If the district court transferred your petition or motion to this court and you do not feel that you should be required to obtain prior authorization, you must still complete this form. You may, however, attach an additional statement explaining to the court why you oppose the transfer.

Form S/S 2254 Authorization May 2017, obtained from the Sixth Circuit's website,

11

[www.ca6.uscourts.gov](www.ca6.uscourts.gov) (visited January 15, 2018).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again recommends the Court transfer this case to the Sixth Circuit for a determination under 28 U.S.C. § 2244(b) of whether it may proceed.

January 17, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).