# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

    Petitioner,

  -vs-

CHARLOTTE JENKINS,[1] Warden,
Chillicothe Correctional Institution,

    Respondent.

:

:

:

:

Case No. 1:12-cv-198

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS; WITHDRAWAL OF SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON TRANSFER

This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss for Lack of Jurisdiction (ECF No. 117).  That Motion was filed December 20, 2023, and served on Petitioner by filing it electronically in the Court's CM/ECF filing system.  Under S. D. Ohio Civ. R. 7.2, any memorandum in opposition from Petitioner was due to be filed not later than January 10, 2024.  That date has passed without the filing of any opposition or any request for extension of time to do so.

The case is presently pending before District Judge Black on Petitioner's Objections (ECF No. 115) and the Warden's Response to those Objections (ECF No. 116) as to the undersigned's Second Supplemental Report and Recommendations on the issue of whether this case should be transferred to the Sixth Circuit as a second or successive habeas corpus petition

---

[1] As the current Warden at Chillicothe Correctional, Charlotte Jenkins is the custodian of Petitioner Sheppard and is substituted as Respondent.  The caption of the case is amended as set forth here.

1

requiring circuit court permission to proceed (ECF No. 114).

Respondent's Motion shows that the prior judgment imposing a capital sentence in this case has been vacated (See Findings of Fact, Conclusions of Law, and Resentencing Judgment Entry of the Hamilton County Court of Common Pleas at ECF No. 119-1, PageID 1826).

The judgment collaterally attacked in the Petition in this case having been vacated as void, this case has been rendered moot and the Court is without jurisdiction to adjudicate any claims made respecting it.

The replacement judgment likewise renders moot the Reports and Recommendations on transfer (ECF Nos. 103, 106, and 114) which are hereby WITHDRAWN. Because this case is moot, it is respectfully recommended that it be dismissed without prejudice to any claims Petitioner may have with respect to the replacement judgment. Because reasonable jurists would not disagree with this conclusion, particularly because the Motion to Dismiss was not opposed, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 11, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may

respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
